Ellswokth, J.
We think the court committed no error in refusing to charge the jury that, upon certain hypothetical facts, Mrs. Williams was so chargeable with negligence as that there could be no recovery by her and her husband. Under the pleadings, the issue presented nothing but a. question of fact—• was there or not culpable negligence on her part ?
We cannot permit such a question to be taken from the jury, the legal and constitutional tribunal, by the defendants specially reciting the evidence adduced on the trial and claiming that the court shall instruct them as to its legal effect. Such a course would speedily put an end to all jury trials. The opinion of the court may properly enough be taken when the case turns upon the legal effect of a single fact admitted or proved, such as the effect of an instrument and the like ; but even then, under the general issue, it is done under the discretion of the court, and is not of course demandable of right. It may be and sometimes is done by a demurrer to evidence, but never where there are numerous and controverted and complicated facts to be decided.
Nor do we see any error in the other omission in the charge, nor in what the judge did charge as being the law of the case. Indeed the law on this subject is quite too familiar, and has been too often decided by this court, to be misunderstood by any one ; and the superior court was' not mistaken in this instance—certainly not to the prejudice of the defendants. It is [ *267,] *well settled.that, in actions for damage caused by negligence, the defendant is liable for the want of ordinary care, unless there is a proximate negligence in the plaintiff which materially contributes to the injury, in which case he can not recover. . This rule we find stated in this charge; and the defendants have no ground to complain that the law has not been correctly and distinctly laid down. The jury were told that, in order for the plaintiffs to recover, they .must show that Mrs. Williams was without serious fault and in the exercise of ordinary care, and that if there was any thing in her conduct which essentially, co-operated with the wrongful acts of the defendants to produce the injury, the plaintiffs could not recover. This we say should be satisfactory to the defendants. Perhaps the plaintiffs, had they not obtained a verdict, might have com. *219 plained, when the judge told the jury that if the conduct of Mrs. Williams in attempting to go to her sister’s that evening was indiscreet and unreasonable they could not recover. But we need not dwell on this point, for this part of the charge certainly did the defendants no injury. We therefore advise that a new trial be not granted.
In this opinion the other judges concurred.
New trial not advised.