# Pioneer Fireproof Construction Co. v. Louise Hansen, Adminstratrix.

1. EMPLOYER AND EMPLOYE—*Care Required in the Performance of Dangerous Work.*—If an employer undertakes to do dangerous work he is bound to provide against injury to employes, whose employment requires them to work in exposed situations.

2. PERSONAL INJURIES—*Liability for, Not to be Relieved by Contract.*—One person can not, by contract with another person, relieve himself from liability for an injury to third persons, caused by his acts, although in the performance of such acts he was commanded by such other person.

Trespass on the Case.—Death from negligent act.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.  Heard in this court at the March term, 1897.  Affirmed.  Opinion filed April 15, 1897.

## STATEMENT OF THE CASE.

This was an action for damages under the statute, by Louise Hansen, as administratrix of the estate of her deceased husband, Oscar Hansen, against the George A. Fuller Co. and the Pioneer Fireproof Construction Co. In February, 1892, the George A. Fuller Co. was engaged as general contractor in erecting the fourteen story building at 34 and 36 Washington street, Chicago. The deceased, Oscar Hansen, was an employe of the Fuller Co. The Fireproof Construction Co. was employed by the Fuller Company to fill in the floors and partitions with fireproof material, and to put on the tile roof.

The building faces north. Along the eastern side is an alley in which material for the building was unloaded, and from which, by means of a derrick placed on the roof, it was hauled up. Oscar Hansen was stationed in the alley, and with another employe of the Fuller company controlled the hoisting operation from that point. The material was loaded onto a platform called a "boat," five feet wide by seven feet long; this "boat" was then fastened to the rope of the derrick and hauled up until it was level with the roof; then the "boom" or arm of the derrick, over the end of which the hoisting rope passed, was raised, thus swinging the boat in until over the spot where it was to be landed, when it was lowered and guided to its resting place. This was done by the employes of the Fuller Company. The tile was then unloaded by laborers paid by the Fireproof Company. At this particular time the roof was partly on, and the boat had to be pulled into a space left in the roof for a dormer window, the iron rafters slanting up on each side thereof. Running north and south on the floor and near the slope of the roof was a six-inch steam pipe. When the loaded boat was hauled in through this hole in the roof, it was lowered and rested across this pipe. There was sufficient room where it could have been drawn in clear of this pipe. On the morning of February 15th, a boat load was landed above and rested across the steam pipe. Thereupon the workmen began unloading the tile from the side nearest

them, the inner side, and after a certain quantity of tile had been removed from the inner side, the boat tilted across the steam pipe and one or more of the tile slid off, striking the steep roof and thence down into the alley. A piece of tile struck Hansen on the head. At the close of the evidence the court instructed the jury to find the defendant, George A. Fuller Co., not guilty. The case proceeded against the Pioneer Fireproof Construction Co., and the jury returned a verdict finding it guilty, and assessing the damages at $5,000. Motion for a new trial was overruled and judgment was given on the verdict, from which judgment this appeal is taken.

BURNHAM & BALDWIN, attorneys for appellant, contended that if the plaintiff had knowledge of the danger and continued to work there, exposing himself to the danger, it was strong evidence of contributory negligence, citing Beach on Contributory Negligence, pp. 39, 40, 161; Shear & Redfield Neg. (4th Ed.), Vol. 1, pp. 152, 360, 361; Vol. 2, p. 95; American and English Ency. of Law, Vol. 4, p. 36; Village of Clayton v. Brooks, 150 Ill. 97; L. S. & M. S. Ry. v. Pinchin, 112 Ind. 592; Goldstein v. C., M. & St. P. Ry. Co., 46 Wis. 404; Walker v. Lumber Co., 86 Me. 192; Carr v. Sheehan, 81 Hun, 291; Forks Township v. King, 84 Pa. St. 230; Rowell v. Street Railroad Co., 64 Conn. 376; Reed v. Northfield, 13 Pick. 94; Dewire v. Bailey, 131 Mass. 169; Frost v. Waltham, 12 Allen, 85; Marble v. Ross, 124 Mass. 44; Estelle v. Village of Lake Crystal, 27 Minn. 243; Hector Mining Co. v. Robertson, 45 Pac. Rep. 406 (Colo.).

If the general contractor retains the right to exercise control over the manner in which the work is to be done by the sub-contractor, then the doctrine of *respondeat superior* applies and the sub-contractor is a servant and not an independent contractor, and consequently is not liable for the negligence of a laborer. Sherman & Red. on Neg. 278, par. 165; 270, par. 161; Murphy v. Caralli, 3 Hurlstone & Coltman, 461; Murray v. Currie, Law. Rep. 6 Com. Pl. 24; Manning v. Adams, 32 Weekly Rep. (Eng.) 430; Blake v.

Thirst, 2 Hurlst. & C. 20; Linnehan v. Rollins, 137 Mass. 123; Clapp v. Kemp, 122 Mass. 481; Cincinnati v. Stone, 5 Ohio St. 38; Wilson v. White, 71 Geo. 506; C., St. P. & F. R. Co. v. McCarthy, 20 Ill. 385; Schwartz v. Gilmore, 45 Ill. 455; Chicago v. Joney, 60 Ill. 383; Andrews v. Boedecker, 17 Ill. App. 213.

Sullivan & McArdle and P. L. McArdle, attorneys for appellee, contended that the situation in, and circumstances under, which an act is done, determines the duty of care imposed upon the actor, and whether that duty has been discharged, also depends upon the situation and circumstances. C. & A. R. Co. v. Adler, 129 Ill. 335, 340; C., M. & St. P. R. Co. v. Wilson, 133 Ill. 55, 60.

That a negligent manner of executing work is the usual way it is done, does not relieve it of its negligent character or defeat liability. C. & A. R. Co. v. Murphy, 17 Ill. App. 444; Deering on Neg. Sec. 9.

Deceased had a right to assume appellant would not, by its negligence, render his position more dangerous and hazardous than it naturally was. I. C. R. R. Co. v. Noble, 142 Ill. 578, 586; Kellogg v. Chi., etc., Rd. Co., 26 Wis. 255; Fox v. Sackett, 10 Allen R. 536; Newson v. N. Y. Rd. Co., 29 N. Y. 390; Brown v. Lynn, 31 Penn. 510.

One engaging to do specific work according to plans furnished, employing his own agencies and assistants, and under no control as to detail of the work, is clearly a contractor and not a servant, even if power to make changes, etc., right of superintendence or annullment for misconduct, is reserved. Hale v. Johnson, 80 Ill. 185; Erie v. Caulkins, 85 Pa. St. 247; Edmundson v. Pittsburg, 111 Pa. St. 319; Gourdier v. Cormack, 2 E. D. Smith, N. Y. 256; Clare v. Nat'l C. Bank, 40 N. Y. Super. 104; Burmeister v. N. Y. El. R. Co., 47 Id. 264.

It is only when the sub-contractor abandons all control of his servants that he is relieved of liability for their negligence; for control, implying power to discharge, is the conclusive test of whether the relation of master and servant

exists.  Whitaker's  Smith on Neg. 165;  2 Thompson Neg. 892–3;  Sherman & Redfield on Neg., see 161.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant urges that it offered evidence tending to show that owing to the location "it would have been impossible to unload the boat in any other manner than that which was adopted," and that the court improperly refused to admit such evidence.

The fact that one did a lawful thing in the only way possible, does not excuse him from the consequence of his act. Because one is obliged to use explosives to remove an object, he is not absolved from responsibility for the result of such use to the house of a stranger.

Any adult person working at raising these tiles must have known that such work was dangerous; knowledge that prior to the accident to the deceased, tiles had fallen, would have added little, if anything, to a sense of the obvious danger.

The deceased was bound to exercise ordinary care for his safety; that is, such care as was consistent with the work he had to do under his employment.

If appellant had provided a place of safety, viz., a shed, for the protection of those working in the alley, and if the deceased at the time he was struck by the falling tile, might properly and consistently with the work he had to do, have been in this shed, and knew this, so that his exposure to danger from falling tiles was his voluntary act, and not necessitated by his employment, appellant would not have been liable for an accident to him, if he, despite its care, of his own volition, unnecessarily exposed himself to danger. Appellant did not offer to show this; although it did offer to show that it had erected a shed in the alley.

Appellant had contracted to fireproof this building; it employed another corporation to raise the roof tile to the fourteenth story; when such tiles had been so elevated its own servants unloaded them from the boat in which they came up.  Whether the Fuller Company had so surrounded

the place of unloading that appellant could not unload without proceeding as it did, and thereby causing tiles to fall to the alley below, is immaterial. If it undertook to do a dangerous act, it was bound to provide against injury thereby to the deceased, whose employment required that he should work where he did.

For a mere passer-by to have walked into the alley and there remained, knowing that from the hoisting going on tiles had fallen, would probably not have been for him an exercise of ordinary care; for the deceased, duty to his employer required him to remain in a place of danger.

The fact, if such there be, that the Fuller Company retained a certain control over the manner in which appellant performed its work, did not absolve it from responsibility for acts resulting in injury to the deceased. A can not, by contract with B, relieve himself from liability for injury to C, caused by acts done by him, A, although commanded by B.

The judgment of the Circuit Court is affirmed.