NELLIE E. COOGAN, ADMINISTRATRIX, vs. THE AEOLIAN COMPANY.

Third Judicial District, Bridgeport, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

If a master requires his servant to work in a dangerous place, he must adopt all reasonable and practicable means to make the place safe, including such rules, regulations and instructions to his employees as may be reasonably necessary for their guidance while at work in or near such place. It is also his duty to exercise a reasonable supervision to see that such regulations are complied with.

The defendant caused large rolls of paper to be piled on the ground floor of its factory on three sides of and close to a freight elevator, so that in getting out these rolls to load upon the elevator to be carried to the second story its employees were obliged to pass upon or under the elevator, depending upon its position; and while so employed and in the exercise of due care, the plaintiff's intestate was struck and killed by the elevator, which, just before it fell, he saw was stationary at the second story, with nothing to indicate that it was about to be lowered. It came down rapidly because overloaded, and without any warning from the employees who were upon it. So far as appeared, the defendant had made no rule or regulation requiring warning to be given of the lowering of the elevator to those who might be working beneath it; nor had it instructed any of its employees to give such warning. *Held* that upon evidence tending to prove the truth of these statements, the jury were justified in returning a verdict for the plaintiff.

Such a risk, arising out of the master's negligence, is an extraordinary one, the assumption of which by the servant will not be presumed, but must be pleaded by the master if relied upon by him as a defense; if not pleaded below, the defendant cannot raise the question in this court on appeal.

The negligence of a fellow-servant will not relieve the master of liability for an injury caused in part by his own breach of duty.

The trial court left it to the jury to say whether the operator of the elevator was a fellow-servant of the plaintiff's intestate. *Held*

Coogan *v.* Aeolian Co.

that this was error, since it was clear from the evidence that all employees upon the elevator were the intestate's fellow-servants; but that inasmuch as the jury must have found that the accident resulted from a breach by the defendant of its primary duty to give warning of the elevator's descent—against which the negligence of a fellow-servant could not avail—the error was of no consequence.

The existence of contributory negligence is ordinarily a question for the jury.

Having correctly stated the law relative to fellow-servants, the court said that the test was whether the duty violated was one resting upon the master or solely upon the offending servant. *Held* that the court was obviously referring to the test of liability of the master for an injury claimed to have been caused by a fellow-servant, and that the jury could not have misunderstood the statement.

Mere fault of a plaintiff will not preclude his recovery, unless such fault was a proximate cause of his injury.

The failure of the trial court to state to the jury the maximum amount for which they could render a verdict for negligence resulting in death, in the absence of any request to charge on that subject, affords the defendant no just cause for complaint, provided the verdict is for an amount within the statutory limit.

Argued April 9th—decided June 13th, 1913.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $4,000; motion to set aside verdict and appeal by the defendant. *No error.*

The jury might have found these facts: The defendant owned and operated a factory. On the ground floor of one of its buildings it maintained a balance elevator used for freight, located in an elevator well open on the north and south sides, and having stanchions on the east and west sides. The elevator was operated by a rope attached to the elevator carriage and running in the well from the ground floor to the floor above.

The defendant was accustomed to pile rolls of paper on the east, west, and south sides of the elevator, so

close to the elevator well that there was no way to get in the elevator upon the east, west, or south sides from the floor, and the only way of getting in or going through the elevator was from the north side.

On the day of the accident these rolls of paper were so piled, and had been previously placed there by the intestate and another employee of the defendant, so that on the east and west sides the rolls of paper were piled eight or nine feet high and within six or eight inches of the elevator, and on the south side within a foot or two of it at the same height, making a complete enclosure around these three sides of the elevator. When the paper was so piled it was the habit of employees to pass under the elevator in order to do their work and get the paper, and they used the space through the elevator as a common passageway.

There was a sign placed upon a cross-beam of the elevator some seven feet from the floor reading: "Warning. This elevator is used for freight only. Persons riding on this elevator will do so at their own risk. No one except those authorized by the superintendent may be allowed to operate this elevator. The Aeolian Company will positively not be responsible for any accidents. By order of W. S. Pain, Superintendent." The defendant had no other rule, and gave no warning nor instructions for the giving of a warning when the elevator was about to be operated.

The elevator was used to carry paper from one floor to another. It was operated by the intestate and those employees whose duty it was to see that paper was taken from one floor to another. Just before the accident the elevator was pulled up to the second floor, by whom did not appear. At about this time the intestate, a laborer in defendant's factory, was directed by defendant's foreman to take certain rolls of paper, which were piled in upon the south side of the elevator, to the second

floor. He looked up, saw the elevator at the second story, passed through the elevator well to the south side to carry out his order and get the paper, and this was the only way he could get this paper. The elevator was then at the second story and stationary, and there was nothing to indicate that the elevator was about to be lowered. The intestate believed that it would not be lowered without warning to him, and that in case it was lowered it would be at a speed not fast enough to prevent his having ample opportunity to leave the well before the elevator descended into it.

Very shortly after, as the intestate was returning through the elevator well, without warning the elevator descended with such rapid speed there was no opportunity for him to avoid its hitting and crushing him. Just prior to the intestate passing through the well for the paper, certain employees of defendant, who had been taking their lunch on the second floor, finished their lunch, and, being unable to go to the first floor by the stairway, since some one had blocked the door, they started to go by the elevator. At that time another employee was taking paper to the elevator to take it by the elevator to the first floor. One of the lunch party reached the elevator first and pulled it up from the first floor. The paper was put on the elevator, and then all five employees boarded the elevator, and one of their number started it and it fell, as before stated.

The intestate and the defendant knew that the elevator, after being started, was liable to come down rapidly if overloaded, and that under such circumstances going under it was dangerous.

*Edmund Zacher* and *William B. Ely*, for the appellant (defendant).

*Charles S. Hamilton* and *Patrick T. O'Brien*, for the appellee (plaintiff).

WHEELER, J. There are several grounds of negligence alleged. On only one of these can the verdict of the jury be supported, viz. that the defendant negligently and without warning to the intestate, Coogan, suddenly lowered the elevator at great speed, so that the intestate, passing through the elevator well in the exercise of due care and in the performance of his duty, had neither notice to get from under the descending elevator, nor opportunity to escape it.

The defendant habitually piled rolls of paper around the elevator, so that the intestate was compelled to pass through the elevator well in the ordinary course of his employment. The defendant knew that if the elevator was overloaded it was liable, after being started, to fall suddenly. It also knew that the place it provided for the work of the intestate in the passage through the elevator well was rendered unsafe from the liability of the elevator to fall after being started. Ordinary care in the conduct of its business demanded that warning should be given to those in proximity to the elevator upon the floor beneath when the elevator was about to descend. So far as appears, the defendant had neither adopted such a rule or regulation, nor instructed its employees operating the elevator to give warning to those beneath when the elevator was about to descend.

The master owes to his servant the duty of adopting rules, regulations, and precautions for the conduct of his business which are reasonably necessary to make the place in which the servant is required to work reasonably safe. If the master requires his servant to work in a dangerous place, he must adopt all reasonable and practicable means to make the place safe for the work. *Northern Pacific R. Co.* v. *Peterson*, 162 U. S. 346, 16 Sup. Ct. Rep. 843; *Doing* v. *New York, O. & W. Ry. Co.*, 151 N. Y. 579, 583, 45 N. E. 1028; *Ford* v. *Lake Shore & M. S. Ry. Co.*, 124 N. Y. 493, 498, 26 N. E. 1101; *Pio-*

*neer Fireproof Construction Co.* v. *Hansen,* 69 Ill. App.
659, 664; *Gerrish* v. *New Haven Ice Co.,* 63 Conn. 9, 16,
27 Atl. 235; Labatt on Master & Servant (2d Ed.)
§§ 1114, 1115, 1504. And to fulfil his duty and keep
the place reasonably safe, he must exercise reasonable
supervision to see that his business is being conducted
in pursuance of such rules and regulations. *Whittaker* v.
*Delaware & H. C. Co.,* 126 N. Y. 544, 549, 27 N. E. 1042.

So far as appears, the defendant had made no rule
or regulation providing for such warning, and had in-
structed none of its employees to give such warning.
The defendant thus violated its primary duty of keep-
ing its place of work reasonably safe for the intestate to
work in. Its duty in this particular arises out of the
possession, use and control of the premises where it put
the intestate at work.

The defendant insists that the intestate assumed this
risk and voluntarily encountered it. The risk arose
out of the master's negligence, and is admittedly an ex-
traordinary one. It is an affirmative defense. The
defendant failed to plead it, and hence cannot now raise
it. *Worden* v. *Gore-Meenan Co.,* 83 Conn. 642, 647, 78
Atl. 422. Moreover, the evidence would not justify
such a finding.

The defendant further claims that the elevator was
operated by a fellow-servant of the intestate. The court
submitted this issue as one of fact to the jury; and it
must, under the charge, have found that the operator
of the elevator was not a fellow-servant of the intestate.
We think the evidence was so clear as to have required
the court to have instructed the jury that all employees
upon the elevator were fellow-servants of the intestate.
Since, however, the jury must have found that the place
was unsafe, and that the defendant's failure to give the
intestate warning of the descent of the elevator was a
proximate cause of the accident, it necessarily followed

that the defendant had failed in a primary obligation which it owed the intestate. The negligence of a fellow-servant will not relieve the master of liability for an injury caused in part by the master's breach of duty. *Messinger* v. *New York, N. H. & H. R. Co.*, 85 Conn. 467, 476, 83 Atl. 681; *Sprague* v. *New York & N. E. R. Co.*, 68 Conn. 345, 353, 36 Atl. 791; *Wilson* v. *Willimantic Linen Co.*, 50 Conn. 433, 466.

The issue of the contributory negligence of the intestate was properly left to the jury.

There was no error in the refusal of the trial judge to set aside the verdict.

The charge is complained of in several particulars:—

1. The court instructed the jury that the test for determining who are fellow-servants was "whether the duty violated is one resting upon the master or solely upon the offending servant." This statement follows a correct statement of who, under the law, are fellow-servants, and what consequences follow an accident due to their agency. In this so-called test the court was obviously referring to the test of liability of the master for an injury claimed to have been caused by a fellow-servant, and the jury could not have misunderstood the statement of the court. The refusal of the court to charge that the employees on the elevator were fellow-servants of the intestate was of no consequence, since, as we have already pointed out, the jury must have found the accident resulted from the defendant's breach of its primary duty, against which the negligence of a fellow-servant cannot avail.

2. Error is predicated upon the charge in relation to the contributory negligence of Coogan, viz: "For the rule is that if his injuries were caused substantially and proximately by his own negligence, his administratrix could not recover, and in that case it would be immaterial and of no importance whether the defendants were

negligent or not." The defendant contends that mere fault of a plaintiff will preclude his recovery, and therefore the court, in limiting the negligence of the intestate which would preclude recovery to that which substantially and proximately caused the injury, relieved the plaintiff of a part of her burden. This charge is another form of statement of our rule that a plaintiff cannot recover if his own negligence essentially or materially contributes to his injuries. Mere fault of one will not preclude recovery, but fault which amounts to a want of ordinary care. The frequency of this claim in negligence actions is singular in view of our long-established rule. *Beers* v. *Housatonic R. Co.*, 19 Conn. 566, 572; *Daley* v. *Norwich & W. R. Co.*, 26 Conn. 591, 597; *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 223, 76 Atl. 523. Equally settled is our rule that "negligence is only deemed contributory when it is a proximate cause of the injury." *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888; *Williams* v. *Clinton*, 28 Conn. 264, 267; *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393, 407.

3. We think the court properly presented the duty of the defendant, in requiring it to give notice and warning to its employees if the elevator was liable to drop rapidly with a considerable load, and to enforce reasonable rules for the protection of employees, required by their work to go under the elevator, from the elevator descending suddenly and without warning to them; and in instructing the jury that if they found the elevator was liable to run down suddenly when it carried a considerable load, and no warning was given the intestate that the elevator was about to descend, and he was obliged, in doing his work, to go under it, and as a consequence he was struck by it, they should find the defendant negligent. In the conditions the court treated of we have a place in which the servant must work,

made unsafe by the liability of the elevator to drop, and no rule to prevent its use without warning, and no warning given the servant. These conditions make a clear case of negligence, and fully justify the charge. We need not repeat our earlier discussion of this point.

4. The charge in relation to the damages is complained of because the court failed to state to the jury the maximum of recovery under the statute. The recovery was within the maximum, and no request to charge was made upon this subject, and therefore there is no basis for this assignment of error.

Other portions of the charge complained of are either included in points already treated of, or else are, in our opinion, unimportant.

There is no error.

In this opinion the other judges concurred.