ANGELO GERARDI *vs.* HILARY S. DRISCOLL ET AL.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A verdict ought not to be directed unless there is but one inference or conclusion which can be drawn logically and reasonably from the evidence before the jury.

In the present case the plaintiff, an employee of the defendants, while drilling a rock at the bottom of a sewer trench, was injured by the caving in of one side of the trench owing to its inadequate bracing.

Gerardi *v.* Driscoll.

The trial court directed a verdict for the defendants upon the ground that the plaintiff had as much knowledge of the danger as his employers had, and that his continuance at work with such knowledge and appreciation of the risk prevented him from taking advantage of his masters' breach of duty. *Held* that inasmuch as the basis for this direction was an erroneous assumption of fact upon the part of the trial court as to what the evidence actually tended to prove, the direction itself was erroneous and was prejudicial to the plaintiff.

A risk which does not inhere in the contract of service, but arises subsequent thereto by reason of the master's negligence, is an extraordinary one, which the servant does not assume unless he comprehended it and voluntarily encountered it by continuing in the work without promise of remedy.

The question whether a servant did or did not assume a risk created by the master's negligence depends, as a rule, upon the existence of many other facts and circumstances and the proper inferences to be drawn from them, and only becomes a question of law when the evidence is such that but one logical and reasonable conclusion therefrom is permissible.

For a master to avail himself of the servant's assumption of an extraordinary risk he must plead it, since it is an affirmative defense.

All the risk of the service not arising from a violation of the master's legal duty, the servant by his contract of employment takes upon himself. For such risk of service the master incurs no liability, not because the servant has assumed the risk, but because the master owes no duty in reference to it.

An unsuccessful plaintiff cannot urge in this court a ground of negligence which was not alleged in his complaint.

An allegation that a ditch was fifteen feet deep, and proof that it was from five to nine feet deep, is a mere trifling variance.

There is no material variance between an allegation that the caving in of a ditch was due to a lack of bracing, and proof that it was caused by inadequate bracing.

Argued January 6th—decided March 5th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants in failing to shore up a ditch or sewer at the bottom of which the plaintiff was at work, brought to the Superior Court in Litchfield County and tried to the jury before *Tuttle, J.;* a verdict was directed for the defendants, from the judgment upon which the plaintiff appealed. *Error and new trial ordered.*

*Thomas J. Wall* and *Frank B. Munn,* for the appellant (plaintiff).

*Walter Holcomb* and *Eugene T. O'Sullivan,* for the appellees (defendants).

WHEELER, J.   The jury might have found from the evidence these facts: The plaintiff was an Italian day laborer who had had a considerable experience in digging dirt and a limited experience in digging sewers. He was not familiar with and had had no experience in the bracing of the walls of a sewer ditch.  At the time of the accident he was working for the defendants in drilling a rock in a ditch which was from seven to nine feet deep at the point of the accident.  His work had nothing to do with the construction, use, or inspection of the bracing used in the defendants' sewer ditch. The walls of this ditch were loosened and rendered liable to cave in, by some blasting on the day before a short distance away, by the condition of the weather on the day of the accident, by the fact that the sewer ditch ran on one side into and alongside a ditch used for gas pipes some three feet deep and the dirt of which was somewhat soft, and by the nature of the walls of the sewer ditch.

The defendants had placed a bracing in the ditch to prevent its walls caving in; this consisted of two planks ten or twelve feet long and ten or twelve inches wide, laid parallel to each other and longitudinally with and against the side of the ditch, the upper edge of the planks being on a level with the surface of the ground. These planks were held against the walls of the ditch by means of a screw in a jack inserted between them. The bracing was up when the plaintiff began work at this point on the day of the accident.  From his place in the ditch the planking was above his head and he

could not see whether or not the braces had become loose. Shortly before the accident the defendants and their foreman saw that the south side of the ditch was soft and the bracing not safe. They thereupon ordered their foreman to fix it, but did not warn the plaintiff or order him to leave the ditch. While the plaintiff was engaged upon his work of drilling the bracing gave away, and the south side of the ditch caved in and caused the injuries complained of.

The court directed a verdict for the defendants, upon the ground that the plaintiff had as great knowledge of the dangerous condition of the sewer bracing as the defendants had, and his continuance in service with knowledge of the danger and appreciation of the risk created by the defendants' breach of duty, prevented him from taking advantage of the defendants' breach.

In addition to this ground the defendants claim: (a) that the risk incurred by the plaintiff was an ordinary risk of his service and therefore he assumed it; (b) that there is a fatal variance between the complaint and the proof.

The variance claimed is twofold: (1) the complaint alleges the depth of the sewer to have been fifteen feet, when the proof was from five to nine feet. This is too inconsequential to discuss. (2) The complaint alleges that the ditch caved in because it was allowed to remain without braces, when in fact the real complaint is that it was inadequately braced. We think the allegation that the cause of the cave-in of the ditch was because it was without bracing, includes the cause that the bracing used was inadequate.

One of the grounds of negligence upon which the plaintiff now relies is that the defendants saw the inadequate bracing and appreciated the danger of the walls of the ditch falling, and failed to warn the plaintiff of his danger or to order him to leave the ditch.

This ground of negligence is not alleged in the complaint and so cannot be considered by us as an independent ground of negligence.

The negligence of the defendants is alleged to have been their failure to provide for the plaintiff a reasonably safe place in which to work, by directing him to work in a sewer ditch of such depth as to require bracing, and negligently maintaining an inadequate bracing for the sewer walls, so that the place was rendered unsafe for work, and as a consequence its walls caved in and fell upon the plaintiff.

The defendants assert that the risk incurred from the cave-in was an ordinary risk of the service which the plaintiff assumed. This means no more than that the risk inhered in the contract of service. *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 638, 81 Atl. 339. There seems no controversy in the evidence over the fact that the cave-in did occur through the negligence of the defendants in not having maintained adequate bracings for the sewer walls. The risk arose after the service of the plaintiff began, and the master did not warn the servant of it. It was manifestly a condition of danger invited by the failure of the defendant masters, in the duty they owed, to adopt all reasonable and practicable means to make the place where they had placed the plaintiff at work reasonably safe by maintaining adequate bracing. *Coogan* v. *Aeolian Co.*, 87 Conn. 149, 153, 87 Atl. 563. A risk arising, subsequent to the contract of service, out of the master's negligence cannot be an ordinary risk. "All the risk of the service not in violation of the master's legal duty, the servant by his contract of employment takes upon himself. For such risk of service the master incurs no liability, not because the servant has assumed the risk but because the master owes no duty in reference to it." *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 637, 81 Atl. 339.

There remains to consider the ground upon which the trial court rested its decision. Did the plaintiff continue in service with knowledge of the danger and appreciation of the risk created by the defendants' breach of duty, and if so, does this prevent his taking advantage of the breach? This conclusion followed the court's acceptance as a fact that the plaintiff had for thirteen years been digging sewer ditches, and hence knew as much of the danger of working in them as the defendants. This was an erroneous assumption of fact, resulting quite likely from the failure of the court to have fully understood the plaintiff, who gave his testimony through an interpreter. On the contrary, the evidence tended to show the plaintiff's unfamiliarity with the bracing of sewer ditches and little acquaintance with sewer digging. Nor did it show that he knew and appreciated the risk from this inadequate bracing. It did show that the defendants had such knowledge and appreciation prior to the accident. Since the cave-in resulted from the violation by the defendant masters of their duty toward the plaintiff, it was an extraordinary risk. *Baer* v. *Baird Machine Co.*, 84 Conn. 269, 271, 273, 79 Atl. 673; *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 637, 81 Atl. 339. The plaintiff did not assume a risk created by his master's breach of duty, unless he knew and comprehended it and voluntarily encountered it by continuing in the work without promise of remedy. A fact of this character depends, as a rule, upon the existence of many other facts and the proper inference to be drawn from them, and is ordinarily a question of fact or one of mixed law and fact, and does not become a question of law unless the only logical and reasonable conclusion to be drawn from the evidence is that the plaintiff with knowledge and appreciation of the risk voluntarily encountered it. *Donovan* v. *Connecticut Co.*, 86 Conn. 82, 86, 84 Atl. 288.

In this case whether the plaintiff had assumed the risk must be determined from a consideration of the plaintiff's experience in digging sewer trenches, of the nature of the ground through which the sewer was run, of the effect of blasts, the thawing weather, the loosening of the walls of the ditch by its passing through or near the gas-pipe trench, of the necessity for bracing the walls of the sewer trench, of the inadequacy of the bracing used, and of the plaintiff's knowledge and appreciation of these and all other factors of the situation. Under the evidence these were necessarily questions of fact for the jury; and as it could not be held that no other conclusion could logically and reasonably be reached than that the plaintiff had asumed this extraordinary risk, the trial court could not conclude that the plaintiff had waived this extraordinary risk as a matter of law. Moreover, before the defendants could avail themselves of such waiver, they must plead it, since it is an affirmative defense. *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 647, 78 Atl. 422; *Coogan* v. *Aeolian Co.*, 87 Conn. 149, 154, 87 Atl. 563.

There is error and new trial is ordered.

In this opinion the other judges concurred.