HARRY SEAMAN *vs.* E. A. DEXTER.

First Judicial District, Hartford, May Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Claimed errors in a charge cannot be considered, in the absence of a finding of the facts which were claimed to have been proved by each side.

In a personal injury action, there was conflicting evidence as to the way in which the accident occurred. Both the plaintiff's legs were broken, he was in the hospital nearly two months, and was unable to work for thirty-seven weeks. The right leg recovered with perfect function, while the left leg was four- or five-eighths of an inch shorter than the right leg and toed out, making a twenty-five per cent permanent partial disability. At the time of the injury he was earning $16.50 per week as an automobile driver, while at the time of the trial he was earning $25 per week at the same occupation. The jury awarded him $12,968 damages, of which $12,650 was given as compensation for pain, suffering and permanent injury and discomfort. *Held* that on the issue of negligence, the jury could reasonably have found for the plaintiff, but that the damages were so clearly excessive as to indicate that the jury were unduly swayed by sympathy for him, and hence a new trial should be ordered unless he entered a *remittitur of* $5,000 from the amount of the judgment.

Argued May 3d—decided June 1st, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of a servant of the defendant in the operation of his automobile, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $12,968, and appeal by the defendant. *Error and new trial ordered nisi.*

*Edward L. Smith,* with whom, on the brief, was *Edward W. Broder,* for the appellant (defendant).

*Hugh M. Alcorn* and *Richard H. Deming,* for the appellee (plaintiff).

CURTIS, J. The first ground of appeal is that the court erred in denying the defendant's motion that the verdict be set aside and a new trial granted because the verdict is against the evidence and the damages awarded are excessive. The remaining reasons of appeal are based upon claimed errors in the charge of the court.

The claimed errors in the charge cannot be considered, in the absence of a finding of the facts which were claimed to have been proved by each side. Practice Book (1908) p. 267, § 6; *Nystrom* v. *Barker,* 88 Conn. 382, 385, 91 Atl. 649.

The entire evidence is made a part of the record, and this properly brings before the court the question whether the court erred in not granting the defendant's motion to set aside the verdict.

The evidence was conflicting as to the way in which the accident occurred, and under it the jury could reasonably have found the issues for the plaintiff.

There remains for consideration the claim that under the evidence the verdict was clearly excessive.

The plaintiff was injured on June 20th, 1917. Under the evidence as to the injury the jury could reasonably

have found the following facts: The tibia or larger bone of the left leg below the knee was broken about five inches above the ankle and projected through the skin, and street dirt was ground into the ends of the bones. The smaller bone below the knee, the fibula, was also broken in the left leg. Fragments of the broken bones and the street dirt were removed from this leg, and the bones put together and the wound sewed up.

The fracture of the left leg was a very serious fracture, because the bones were crushed and the dirt ground into them. The tibia and fibula were broken in the right leg, and there were fragments of bone at the break.

At the operation, each leg, from great toe joint to above the knee, was put in plaster casts. The plaintiff remained in the hospital until August 15th, 1917. He remained disabled, getting about with crutches, a cane and otherwise, until March 5th, 1918, when he was first able to work.

The result of the operation was excellent. The right leg recovered with perfect function. The left leg, because of loss of bone, is four- or five-eighths of an inch shorter than the right leg and toes out, so that the plaintiff has a twenty-five per cent permanent partial disability of the left lower leg. He has instability in walking, because his left heel is brought in so that the right toe interferes with it. His left leg has sensations at night which interfere with his sleep, and the interference of right toe with left heel causes him to stumble several times a day in walking.

He was unable to do any work for thirty-seven weeks. At the time of the injury he was earning $16.50 per week as an automobile driver. He is now earning $25 per week as an automobile driver.

In view of the excellents results of the operation on his legs, and the fact that his earning capacity is not impaired, and that the discomfort suffered in walking is

not serious, we feel satisfied that the verdict of $12,968, $12,650 of which was given as compensation for pain, suffering and permanent injury and discomfort, is so clearly excessive as to indicate that the jury were unduly swayed by sympathy for the plaintiff.

There is error and a new trial is ordered unless the plaintiff enters a *remittitur* of $5,000 of the amount of the judgment; but if such *remittitur* be entered the judgment shall·thereupon, as to the residue, stand affirmed; the costs in this court to be taxed, in either event, in favor of the appellant.

In this opinion the other judges concurred.