Joe Saia *vs.* Andrew Oneglia et als.

Third Judicial District, New Haven, January Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued January 23d—decided March 3d, 1930.

*Thomas J. Wall,* for the appellants (defendants).

*Samuel Reich,* with whom was *Adrian W. Maher,* for the appellee (plaintiff).

Per Curiam. An examination of the evidence has led us to the conclusion that the issue of whether the defendants were liable for personal injuries suffered by the plaintiff through the negligence of the defendants to which the plaintiff did not materially contribute was properly left to the jury and that the motion to set aside the verdict on the ground that defen-

dants were not liable in any degree was correctly decided by the trial court. However, upon the ground that the verdict was excessive the motion should have been granted, either absolutely or conditionally. The injury to plaintiff's back at the time of the trial was slight and will be cured within two years from the date of injury. The injury to the left leg below the knee has resulted in a permanent disability of that leg of twenty-five per cent. The evidence does not indicate what effect, if any, this disability will have upon the plaintiff's earning capacity.

Under these circumstances the damages awarded, $10,000, are so excessive that we think the trial court erred in refusing to grant, either absolutely or conditionally, the defendants' motion for a new trial. *Dunning* v. *Crofutt,* 81 Conn. 101, 104, 70 Atl. 630; *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 342, 116 Atl. 603; *Hassett* v. *Carroll,* 85 Conn. 23, 81 Atl. 1013.

There is error, and a new trial is ordered unless the plaintiff shall within ten days file a *remittitur* of $2500 of the amount of the judgment; but if such *remittitur* is filed, the judgment in favor of the plaintiff shall thereupon, as to the remainder, stand affirmed; the costs of this court to be taxed, in either event, in favor of the appellants.