FRANK McCORMICK *vs.* HENRY W. FOLAND ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided November 4th, 1931.

*Hugh J. Lavery*, with whom was *H. Frederick Day*, and, on the brief, *George N. Finkelstone*, for the appellant (defendant Foland).

*William H. Comley*, with whom was *William Dorkin*, for the appellee (plaintiff).

PER CURIAM. The plaintiff was injured by an automobile truck operated by one of the defendants in the course of his employment by the other defendant, and brought an action of negligence. He recovered a verdict for $15,000. The sole claim is that the trial court erred in not setting this verdict aside as excessive. The plaintiff at the time of the injury was twenty-seven years old. There was evidence that the injury consisted of a fracture of the thigh and the crushing and mangling of the ankle and foot of the left leg, necessitating prolonged and very painful treatment, several operations, and three periods of hospitalization, amounting in all to about four months; that there had followed a permanent crippling and loss of function of the ankle and foot with a loss of motion amounting to ninety per cent and some impairment of the motion of the knee; that the plaintiff had been totally incapacitated from the time of the injury to the day of trial, a period of about eleven months; that there was serious doubt whether the condition of his ankle and foot would ever improve and a possibility of a recurrence of a deformity which had developed in the course of his treatment; and the jury might reasonably have inferred that there was a reasonable probability of a permanent impairment of his earning capacity throughout his life. Evidence was offered of expenses incurred by him on account of the injury, within the allegations of the complaint, amounting to nearly $2000 and of a loss

of wages before the trial amounting to about $1000. The case differs materially from the two cases principally relied upon by the appellant, *Seaman* v. *Dexter*, 96 Conn. 334, 114 Atl. 75, and *Saia* v. *Oneglia*, 111 Conn. 102, 149 Atl. 213. In the former, while there was a permanent partial disability of the plaintiff's left lower leg amounting to twenty-five per cent, he was in fact at the time of trial earning more than he had been earning before the injury; in the latter, while there was a similar loss of function, there was no evidence, and no basis for a reasonable inference, that there would be a permanent impairment of earning capacity; and examination of the records of those cases discloses that there was no evidence of any such prolonged and severe physical and mental suffering as the jury might reasonably have found to have existed in this case. While the verdict was undoubtedly a large one, yet, bearing in mind the weight to be given to the action of the trial court in refusing to set it aside, we cannot hold it so excessive as to justify us in finding error in the denial of the motion.

There is no error.