ARNOLD FRENCH *vs.* THE W. W. MERTZ COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 12th—decided December 20th, 1932.

*Walter E. Monagan,* for the appellants (defendants).

*Clayton L. Klein,* with whom was *Max R. Traurig,* for the appellee (plaintiff).

MALTBIE, C. J.   This is an appeal from the refusal of the trial court to set aside a verdict rendered in the plaintiff's favor.   The defendants claim that the plaintiff was guilty of contributory negligence as matter of law, that he assumed the risk of the conditions which brought about his injury and that the verdict is excessive.   The jury might reasonably have found the following facts: The defendant The Tracy Brothers Company was engaged in remodeling a store for the defendant The W. W. Mertz Company.   In the course of the

work a stairway was in process of construction from the ground floor to the floor above. One side of this stairway was built against a wall, but the other was open. It was about four and one half feet wide. Part way up was a platform. The treads were in place and a newel post had been set at the bottom but there was no railing. Late in the afternoon of December 2d, 1930, the plaintiff and another man were engaged in carrying a desk, some three feet by five, and weighing about three hundred pounds, up the stairway. The light was poor. The plaintiff was carrying the rear end and had his shoulder and the side of his head against the desk, with his face turned toward the wall. When the man carrying the front end of the desk had crossed the platform and gone up a step or two, the weight of the desk came back upon the plaintiff, he separated his feet to brace himself, his right foot went off the stairway and he fell to the basement stairway below, causing the injuries for which he is seeking recovery. The jury might reasonably have concluded that the plaintiff was engaged in a difficult work, that his attention was engrossed by it, that when the weight of the desk came back upon him he was confronted with something in the nature of an emergency, and that the lack of light rendered the danger of stepping off the edge of the stairway far from obvious to him. So finding, they might properly have concluded that his stepping off the stairway was an instinctive act due to the unavoidable situation caused by the weight of the desk suddenly coming back upon him and the immediate need of bracing himself, or, at worst, to a momentary and excusable inattention not constituting contributory negligence. *Kane* v. *Northern Central Ry. Co.*, 128 U. S. 91, 94, 9 Sup. Ct. 16; *Snow* v. *Housatonic R. Co.*, 90 Mass. (8 Allen) 441, 450; *Plank* v. *New York Central & H. R. R. Co.*, 60 N. Y. 607; *Lee* v.

*Woolsey,* 109 Pa. St. 124, 126; *Brett* v. *Frank & Co.,* 153 Cal. 267, 272, 94 Pac. 1051; 1 Shearman & Redfield, Negligence (6th Ed.) § 213.

A defense that a plaintiff seeking recovery upon the ground of negligence assumed the risk of the situation which brought about the injury is in the nature of a plea in confession and avoidance; the defendant may admit his own negligence and the plaintiff's lack of contributory negligence and still claim that he is not liable upon this ground. It necessarily follows that to be of avail the defense must be specially pleaded. General Statutes, § 5508; *Coogan* v. *Aeolian Co.,* 87 Conn. 149, 154, 87 Atl. 563; *Gerardi* v. *Driscoll,* 88 Conn. 16, 22, 89 Atl. 892. That was not done in this case, and we have no occasion to consider the matter.

The plaintiff was twenty-five years old at the time of the accident. The jury might reasonably have found that he suffered a concussion of the brain, so that he was not in command of his mental faculties for some three weeks after the accident; his jaw bone was fractured and he lost five teeth; his eye sight was injured so that since the accident he has been compelled to wear glasses; he suffered, and at the time of the trial was still suffering, severe headaches and periods of dizziness; he has a serious brain injury which at present makes it unwise if not dangerous for him to drive a motor-truck, the work upon which he was engaged before the accident and again previous to the trial, and greatly restricts the field of work he may properly engage in; this injury to the brain will very probably get progressively worse and result in Jacksonian fits, involving tremors and periods of unconsciousness. He was in the hospital about two months, was able to do very little work for some eight months after that, and up to the trial had lost considerable time by reason of his physical condition. His special

damages for hospital, medical treatment and loss of wages reached an amount between $1500 and $2000. Upon such findings we cannot say that the verdict of $15,000 is so excessive that the trial court abused its discretion in failing to set it aside. *McCormick* v. *Foland*, 113 Conn. 781, 156 Atl. 862.

There is no error.

In this opinion the other judges concurred.