## ABBIE C. SWEENEY, ADMX.
### *vs.*
## ARBORIO ROAD CONSTRUCTION CO.

Court of Common Pleas   District of Waterbury   File No. 7643

MEMORANDUM FILED OCTOBER 6, 1939.

*Michael V. Blansfield,* of Waterbury, for the Plaintiff.

*Samuel H. Platcow,* of New Haven; *Farrel J. LeRoy,* of Hartford, for the Defendant.

McDONOUGH, J. It is unnecessary to consider the two motions filed because they were filed at the same time the demurrer was, and therefore the defendant waived such motions,

as provided in section 84 of the Practice Book (1934), the court not having ordered otherwise.

The demurrer presents some novel questions with no precedent to aid in the solution.

Plaintiff brings this action for the death of her decedent, against a contractor who was at the time engaged in repairing, constructing or reconstructing a state highway on the Unionville-Plainville Road in the Town of Farmington, alleging that the injury and resulting death of her decedent was due to the creation and maintenance and existence of a nuisance thereon created and maintained by the defendant. She further alleges that the automobile in which the decedent was a passenger was traveling in a southerly direction on said highway; that when the Town of Farmington was reached the highway was being constructed or reconstructed by the defendant; that defendant had caused to be erected at the northerly end of the torn-up highway a sign warning the public in the terms of the statute, as provided in section 1513 of the General Statutes, Revision of 1930; that no detour was provided and traffic was compelled to use such highway to reach points south; that defendant provided a turnout in the highway where such construction was taking place; that the automobile in which decedent was a passenger was at the time of injury using such turnout; that therein was a concealed and covered manhole top which protruded above the surface and was concealed on all sides by dirt and other materials; that it appeared to be a slight elevation on the surface of such highway; that the surface of the old highway had been removed to a depth of nine to twelve inches but that the manhole cover was allowed to remain at the old level; that such condition constituted a dangerous, unsafe, nuisance; and that in the dusk of the evening said automobile struck said manhole cover and plaintiff's decedent received such injuries thereby that he soon thereafter died.

The demurrer attacks the complaint as a whole on the ground that the complaint admits the presence of the warning sign on a state highway provided for in section 1513 of the General Statutes, Revision of 1930, and that therefore the plaintiff's decedent used the highway at his own risk and without liability being incurred by the defendant for damage and injury sustained by reason of the condition of the highway; that said section relieves the defendant from liability for the damage and liability alleged and that the complaint does not set forth a cause of action.

In argument defendant relied upon the case of *Belhumuer vs. Bristol*, 121 Conn. 475. The facts, with some exceptions, are similar to those of that case. The court in the *Belhumuer* case was concerned with such defects in a highway (posted as in this case) for which a traveler using such highway would ordinarily be able to recover damages, if injured, by reason of a defect therein. It is true the court extended the immunity afforded the state, to the contractor, but did use, as descriptive of the risks incurred by a traveler (under these conditions), those for which he ordinarily would be permitted a recovery if injured. But the court did not grant full immunity to either the state or its contractor for all injuries that might arise.

Can the state, after impliedly inviting a traveler to use such a highway, at his own risk, create therein a hidden risk that such traveler by the reasonable use of his senses is unable to anticipate or see and, being injured thereby, deny him recovery? Can the defendant in this case construct a turnout in the midst of such construction (impliedly inviting the user of the highway to use it) and so construct it that the acceptance of such invitation causes injury to the user? Can it escape liability under assumption of risk as used in the statute and interpreted by the *Belhumuer* case? By the creation of such a turnout (and its consquent invitation to travelers) does the contractor waive any immunity that might otherwise be afforded? If the traveler does use it and by reason of a nuisance, created by the contractor, the traveler is injured, is such traveler without remedy? Must the sign provided for in section 1513 be erected by the highway commissioner or can he delegate the authority to an independent contractor? Or can he delegate the authority even to an agent? If the contractor (either for his own benefit to facilitate his work, or for the safer use by or the convenience of the users of such highway) construct a turnout around any part of, or through any such work, is he bound to use reasonable care in such construction to see that it contains no hidden dangers by which travelers might be injured?

Our court in the *Belhumuer* case uses the words "defect" and "defects" throughout the opinion, and says, at page 479: "The risk which a traveler using a highway closed by the commissioner under the statute assumes is the risk of injury due to a defect in the highway for which he would ordinarily be entitled to recover damages."

In my opinion this language does not intend that a traveler

who accepts the permission of the commissioner to use such highway, does so at his peril. It seems to me to leave the way open for recovery for any injury received, not caused by the usual defects to be anticipated by such user of the highway. Certainly recovery of damages ought to be had if the state or its contractor created a condition tantamount to a trap for travelers using such highway. While the word "trap" ordinarily denotes some degree of wilfulness, yet, in fact, one might be created by negligence. I am of the opinion that the Supreme Court in the *Belhumuer* case did not intend that its interpretation of the statute should be construed to grant absolute immunity against liability for any and all injuries that a user of such highway might incur.

Under the allegations of the complaint it seems to me that because of the creation of the nuisance in a turnout constructed and maintained by the defendant, the immunity afforded by the statute does not apply. I believe the plaintiff ought to be permitted to present her evidence as to the turnout; its invitation to the driver of the car in which decedent was a passenger to use it; the existence of the nuisance therein; the question of fact as to whether by the creation of such turnout and its implied invitation to be used, the defendant waived any immunity he might have had under the statute; in short, to have these questions of fact presented to the trier.

On the question of who erected the sign alleged in the complaint to have been erected by the defendant, I think the plaintiff should have the right to present evidence as to that situation. Section 1513 of the General Statutes, Revision of 1930, gives permission to the highway commissioner to close such highway or restrict traffic over it and it seems to me no one else can post the notices prescribed but he. The assumption of risk is founded on the words: "when such notices are so posted"— by whom? The only one granted permission so to do—the highway commissioner.

The defendant relied solely on the assumption of risk assumed by the plaintiff when he became a traveler on this highway, and I think it might be well to see what risks were actually assumed. In *Freedman vs. Hurwitz,* 116 Conn. 283, our court says (p. 287): "Because the essence of the doctrine is the assumption of the risk, the injured person must or ought reasonably to have perceived that it existed, and because it is the risk which is assumed the injured person must have appreciated it, or the situation must be such that he ought reasonably to have

appreciated it and realized that unless he took steps to protect himself he would be liable to injury....Moreover, the incurring of the risk must be voluntary. If the continued exposure of the injured party to the risk is due to his inability reasonably to escape after he becomes or should become aware of it and appreciates or should appreciate the danger, or if the continuance of his subjection of himself to it is the result of influences or circumstances which are the real inducement to his course of conduct, the doctrine does not apply."

In *Tenney vs. Baird Machine Company*, 87 Conn. 119, 126, the court says the test is comprehension of the risk. "Did he comprehend these things and their significance as affecting his safety? If not, he did not comprehend the risk to which he was exposed. There are many degrees of danger. Knowledge of danger in one degree and knowledge of it in a higher degree are not the same thing. The comprehension of risk, entailing upon a servant liability for consequences to him through continuing in his employment, involves an appreciation of the character and extent of it which furnishes him an adequate basis for voluntary decision as to its assumption." Whether there was such a comprehension is ordinarily a question of fact. "A fact of this character depends, as a rule, upon the existence of many other facts and the proper inference to be drawn from them, and is ordinarily a question of fact or one of mixed law and fact, and does not become a question of law unless the only logical and reasonable conclusion to be drawn from the evidence is that the plaintiff with knowledge and appreciation of the risk voluntarily encountered it." *Gerardi vs. Driscoll*, 88 Conn. 16, 21. These cases were cited and approved in *Dean vs. Hershowitz*, 119 Conn. 398, and in the latter case the court says (p. 412): "Risks are not assumed by a plaintiff unless he has, or ought to have, knowledge and comprehension of the peril to which he is exposed, and, having such knowledge and comprehension, he continues of his own volition to subject himself to that peril."

I am therefore of the opinion that our appellate court in the *Belhumuer vs. Bristol* case did not intend to preclude the plaintiff under allegations such as this complaint contains from a recovery by reason of assumption of risk when the allegations disclose that he could not comprehend the danger into which he was running by reason of the nuisance hereinbefore set forth.

For the seasons stated the demurrer is overruled.