JOHN C. HUTCHINSON v. ARTHUR E. PINNEY, JR., ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 5385

Memorandum filed July 30, 1951.

*Herman Yules,* of Manchester, for the Plaintiff.

*John B. Lee,* of Hartford, for the Defendants.

MOLLOY, J. The jury in this case returned a verdict for the plaintiff, a minor, to recover of the defendants $9000. The defendants are Hazel Pinney, owner of the car which was being operated by her son, Arthur E. Pinney, Jr., and the son.

The defendants base their motion to set aside the verdict upon four principal grounds. First: that the plaintiff was negligent as a matter of law; Second: that the jury award was excessive; Third: that the court erroneously charged on the matter of damages re earning capacity; Fourth: that the Statute of Limitations barred the suit.

As to the first claim the defendants have made a very detailed analysis of the respective speeds, the locations of the vehicles on the road before the collision, the grade and nature

of the road in question, the nature of the vehicles, and the statements concerning the accident which are attributable to the plaintiff. The plaintiff makes a similar analysis.

The defendants alleged contributory negligence which brought into focus the defendants' claims as to the operation by the plaintiff of his motorcycle, with all the implications which sometimes go with a motorcycle operation on the highway. The jury decided for the plaintiff on this matter of liability in spite of the statement made by the plaintiff that had he been going slower the accident would not have happened. The defendants justly relied heavily on this statement. Its explanation, by the plaintiff, apparently satisfied the jury. He meant that had he been going slower he might have been able to climb the bank on his right and so get away in time from the defendants' car. Including this statement by the plaintiff, the case presented a pure question of fact on the matter of liability. For the defendants to say the plaintiff was negligent as a matter of law is to take altogether too optimistic a view of the evidence.

The defendants' claim that the court charged erroneously on the matter of impaired earning capacity has apparently occurred since the trial. Upon the court's request for any corrections or suggestions, after the charge, which might be further stated to the jury, there was no complaint; nor were there any requests to charge in this respect or in any other respect except as to matter of contributory negligence, which the court complied with.

On the matter of the service, this was alleged as a defense. Consideration thereof was taken from the jury by consent, to be left for the court's determination. "From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. . . . That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of the purpose of the plaintiff to call upon him to answer to the claim in court." *Consolidated Motor Lines, Inc.* v. *M. & M. Transportation Co.*, 128 Conn. 107, 109.

The sheriff making the service served the defendants by leaving a true and attested copy of the writ and complaint at their home on June 1, 1948. From then on the sheriff is very hazy in his testimony as to what occurred. Apparently when Mrs. Pinney noticed what real estate had been attached she realized it was not her property which had been attached and so called

the sheriff's attention to it that evening, whereupon, he, the next day, attached the property belonging to the defendant, Mrs. Pinney. It would seem reasonable to conclude that the time when this action was brought was on June 1, 1948, the date when service was made upon the defendants by leaving a true and attested copy of the writ and complaint at the defendants' home. They knew about it that evening and then and there were apprised of the plaintiff's purpose to call upon them to answer in court to his claim.

There remains to consider the claim of excessive verdict. This always presents an uncertain proposition. At the time the verdict was rendered this court felt it was excessive; how much so was the question. Of course damages cannot be fixed mathematically. The amount should not be disturbed unless it is plainly excessive or exorbitant. Fortunately we have in Connecticut several good cases, referred to by counsel, as patterns or guides on this question of claimed excessive verdicts.

In their brief the defendants have made an excellent analysis of the matter of injuries and damage suffered by the plaintiff, so no extended reference to them is necessary now. The plaintiff suffered a fracture of both bones of the right lower leg and a 10 per cent permanent-partial disability of this lower leg. He has a metal plate in his leg at the point of fracture. There were no medical, surgical or hospital expenses proven. *Briggs* v. *Becker*, 101 Conn. 62, and *Seaman* v. *Dexter*, 96 Conn. 334, are helpful cases on leg injuries and consequent damages, although they were decided twenty-five or more years ago. Each case however, must be judged on its own. The court thought the verdict was too large when rendered. It still thinks so. In arriving at its decision in this matter the court has not been unmindful of the present economic value of the dollar. This ground of complaint in this motion has merit without question, and so prompts the court to order a reduction. The verdict may be set aside unless a remittitur in the sum of $1500 is filed within three weeks.