# Hertzberg *v*. Pittsburgh Taxicab Company, Appellant.

*Negligence—Damages—Suit by husband and wife for injuries to wife—Items of recovery—Expense of employing servant for wife—Evidence.*

1. In an action by husband and wife to recover damages resulting from an injury to the latter through being struck by defendant's taxicab, in which a clear case of negligence was made out, the plaintiff set out in the statement of claim that the wife had been knocked down and severely wounded and bruised in her limbs, body and face, and that her nervous system had received a severe shock, and that she had been permanently injured. *Held* that, under this statement, the wife was properly permitted by the trial judge to answer a question in relation to the suffering and inconvenience caused by her injury, followed by proof that her condition was the direct result of the injury to her nervous system which was alleged in the statement of claim.

2. In such an action, the expense of employing a servant for household work which the wife cannot perform because of her injury, is an item of loss for which the husband can recover.

*Negligence—Excessive damages—Reduction by Supreme Court —Act of May 20, 1891, P. L. 101.*

3. The exceptional power conferred on the Supreme Court to grant a new trial because a verdict is excessive will not be exercised except in extreme cases, where the injustice of allowing an excessive verdict to stand is so manifest as to clearly show a failure of the court in which the case was tried to properly exercise its discretion.

Argued November 4, 1913. Appeals, Nos. 238 and 239, Oct. T., 1913, by defendant, from judgments of C. P. Allegheny Co., April T., 1910, No. 1024, on verdicts for plaintiffs in case of Charles Hertzberg and Ethel Hertzberg, his wife, v. Pittsburgh Taxicab Company, a corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass by husband and wife to recover damages for injuries to the wife. Before BROWN, J.

The opinion of the Supreme Court states the case.

Verdict for Charles Hertzberg for $1,679, and for Ethel Hertzberg for $3,321, and judgments thereon. Defendant appealed.

*Errors assigned* were in various rulings on evidence, referred to in the opinion of the Supreme Court.

*David E. Mitchell,* with him *William A. Griffith,* for appellant.

*Alexander P. Lindsay,* with him *John M. Reed,* for appellees.

PER CURIAM, January 5, 1914:

This was a joint action by husband and wife to recover damages which resulted from injury to the latter. The testimony in their behalf made out a clear case of negligence by the driver of the defendant's taxicab and the case was submitted with instructions to which no exception was taken. The errors assigned are to the refusal of the court to strike out an answer in relation to a physical condition from which the wife was suffering because of her injury; to proof of the expense that would be incurred by the husband by employing a servant to perform household duties that his wife had performed before her injury and which she is now unable to perform and to the refusal to grant a new trial because the verdict was excessive. They are all without merit. The answer objected to was by the wife in reply to a question in relation to the suffering and inconvenience caused by her injury, to be followed by proof that her condition was the direct result of the injury to her nervous system which was alleged in the statement of claim. It was set out in the statement of claim that she had been knocked down, severely wounded and bruised in her limbs, body and face and that her nervous system had received a severe shock and had been permanently

injured. It was competent under this statement to prove the results that were the direct consequence of the injury. If the defendant had desired a more specific statement it should have asked for a bill of particulars: Quigley v. Railroad Co., 210 Pa. 162. The expense of employing a servant for household work which a wife cannot do because of her injury is an item of loss for which the husband may recover: Kelley v. Township, 154 Pa. 449; Standen v. Railroad Co., 214 Pa. 189; McMeekin v. Rys. Co., 229 Pa. 572.

The exceptional power conferred on this court to grant a new trial because a verdict is excessive has been but once exercised since the passage of the Act of May 20, 1891, P. L. 101, and it has been repeatedly said that it will not be exercised except in extreme cases where the injustice of allowing an excessive verdict to stand is so manifest as to clearly show a failure of the court in which the case was tried to properly exercise its discretion: Turnpike Road Co. v. Cumberland County, 225 Pa. 467. This is not such a case.

The judgment is affirmed.