ROBERT HAWKINS *vs.* GARFORD TRUCKING COMPANY, INCORPORATED.

Third Judicial District, New Haven, June Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A charge that if the plaintiff's conduct contributed in any way to the accident out of which the injury arose, he could not recover, even though the defendant might in fact have been negligent, is erroneous, since it is only where the plaintiff materially or essentially contributes to his injury that he cannot recover. Contributory negligence, when of this degree, becomes a cause of the resulting injury.

The measure of damages for injury to personal property, in this case an automobile, when the injury is less than a complete loss, is the difference in value between the property before and after the loss, with interest from the date of loss; and when the property may be repaired, if the repairs will substantially restore it to its former condition, the cost of such repairs will ordinarily furnish proper proof of such loss.

In addition to such damage the owner of an automobile is entitled to recover the value of the use of the car during the period necessary for its repair. Such value is the market value of such use, and while no general rule can be laid down, except that the award should

be for fair and reasonable compensation, according to the circumstances of the case, elements ordinarily essential to such a finding would be the value of the automobile, its market rental value, less the proportion of this rental value which covers the wear and tear, and depreciation in the use of the automobile, and the period of necessary deprivation of use.

The market rental value of the automobile is a material and relevant factor in helping to ascertain the value of the loss of use, but is not itself the measure of such value, for it necessarily includes a substantial sum for wear and tear and depreciation.

In the present case the only evidence upon the issue of such value was that the car was used ordinarily for pleasure but occasionally for business purposes, and that because of the damage done to it the owner was deprived of its use for fifty-one days. The court charged that the jurors, having the evidence as to the extent of the use of the car, might fix a proper sum as damages for the loss of use according to their judgment and experience. *Held* that the instruction was erroneous, since such damages could only be awarded on the basis of some evidence—here entirely lacking—of the pecuniary value of such use, from which the trier might determine what fair and reasonable compensation for the loss would be; but that under our practice a new trial should be awarded only if the plaintiff should not file a *remittitur* of that part of the damages erroneously included in the judgment.

Argued June 7th—decided June 16th, 1921.

ACTION to recover damages for injuries to the plaintiff's automobile and for the loss of its use for fifty-one days, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Keeler, J.;* verdict and judgment for the plaintiff for $909, and appeal by the defendant. *Error and new trial ordered nisi.*

*Samuel E. Hoyt,* for the appellant (defendant).

*Henry Greenstein,* for the appellee (plaintiff).

WHEELER, C. J.    The plaintiff seeks to recover damages to his automobile incurred through a collision between it and defendant's truck, together with the dam-

age suffered by him from the loss of use of his automobile for fifty-one days.

The defendant's assignment of error, that its motion to set aside the verdict should have been granted because the plaintiff had failed to sustain the burden of proof that he was free from contributory negligence, is not well taken. Upon the evidence this issue was clearly one for the jury. The court charged the jury, upon the subject of contributory negligence, that if plaintiff's "conduct did in any way contribute to the accident out of which the injury arose, he cannot recover, even though the defendant may be in fact negligent." This was an incorrect instruction, but it is in accordance with the defendant's present claim, and is not assigned as error. We restated our settled rule upon this point in *Andrews* v. *Dougherty*, 96 Conn. 40, 112 Atl. 700, 702, thus: "Our rule is that if the plaintiff materially or essentially contributes to his injury he cannot recover. *Coogan* v. *Æolian Co.*, 87 Conn. 149, 156, 87 Atl. 563; *Clarke* v. *Connecticut Co.*, 83 Conn. 219, 223, 76 Atl. 523; *Beers* v. *Housatonic R. Co.*, 19 Conn. 566, 572." Contributory negligence, when of this degree, becomes a cause of the resulting injury, and though the defendant be found to have been negligent at the same time, there can be no recovery. "Whenever there is concurrent negligence of the parties of such a character that the negligence of each is to be regarded as a proximate cause of the resulting injury, there can be no recovery." *Radwick* v. *Goldstein*, 90 Conn. 700, 709, 98 Atl. 583.

The defendant assigns as error this instruction to the jury upon the plaintiff's claim of damage for the use of the machine: "The fact of its use in the accommodation of the plaintiff and his family entitles him to damage for the loss of that use. You can arrive at that, gentlemen, by considering about how much of an accommodation the use of a machine of that

kind is for a period of fifty or fifty-one days or so in the family and business life of this man, and you will have to draw upon such experience as you may have and observation, to determine upon such a sum as you think proper, if you find that the plaintiff is entitled to recover, and that he was deprived of the use of this machine for the period which has been alleged."

The finding discloses the name of the car, its ordinary use as a pleasure car, and its occasional use for business purposes, and the fact that because of the damage done the car by the collision with the truck the plaintiff was deprived of its use for fifty-one days. It further discloses that no other evidence of the amount of the loss of the use of the car was presented. In addition to the damage to his car, the plaintiff was entitled to recover the value of the use of the car during the period necessary for its repair. *Fritts* v. *New York & N. E. R. Co.*, 62 Conn. 503, 509, 26 Atl. 347; *Brown* v. *Southbury*, 53 Conn. 212, 214, 1 Atl. 819; *New Haven Steamboat & Trans. Co.* v. *Vanderbilt*, 16 Conn. 420. The value of the use is fixed by finding the market value of the use of the property during the period of loss of use. The market rental value of the property is a material and relevant factor in helping to ascertain the value of the loss of use. *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, 594, 92 Atl. 413. But rental value will not furnish the measure of damages for loss of use of an automobile; for the rental value of an automobile includes necessarily a substantial sum for wear and tear and depreciation. No definite general rule can be laid down, except that the award, by verdict or judgment, should be for fair and reasonable compensation according to the circumstances of each case. *Cook* v. *Packard Motor Car Co.*, *supra*. Elements ordinarily essential to such a finding would be the value of the automobile, its market rental value, less the

proportion of this rental value which covers the wear and tear, and depreciation in the use of the automobile, and the period of necessary deprivation of use.

The evidence before the jury was insufficient to enable them to find from the evidence what the value of the use of this automobile was. The trial court was of the opinion that *Cook* v. *Packard Motor Co., supra,* supported its instruction that if the circumstances and extent of the ordinary use of the car by its owner were established by evidence, the jurors might, according to their judgment and experience, fix a proper sum as damages for loss of use. This was a misunderstanding of that case. There must be in each case some evidence of the pecuniary value of that use from which the trier may determine what fair and reasonable compensation for the loss would be. This can never be left to the judgment and experience of court or jury when the damage is capable of proof by some pecuniary standard. The instruction complained of left to each juror the duty of measuring the value of this use according to his own individual experience, or, if he had none, by that of his fellow jurors. Damages so awarded are conjectural and speculative, and cannot be allowed. In one case the award might be fair and compensatory; in another it might be the reverse. *Lewis* v. *Hartford Dredging Co.,* 68 Conn. 221, 35 Atl. 1127; *Rumberg* v. *Cutler,* 86 Conn. 8, 13, 84 Atl. 107.

The finding does not state what the maximum extent of damage to the automobile was. The trial court correctly instructed the jury upon this subject of damage. Our rule is that when the injury is less than a complete loss, as was the present case, the measure of damages is the difference in value between the property before and after the loss, with interest from date of loss. And when the property injured may be repaired, if the repairs will substantially re-

store the property to its former condition, the cost of such repairs will ordinarily furnish proper proof of the loss. That was this case. The charge practically determined for the jury that the damage to the automobile was the cost of the repairs, viz., $604. The jury were not instructed that interest might be added to this, and therefore it is certain that all that they could have allowed in their verdict for the damage to the automobile was $604. Neither of the parties questioned the fact that this element of damage was $604. It results that, if the jury followed the evidence and the instructions of the trial court, and we must assume that they did, they must have allowed damages for the loss of use of the automobile of $305.

A new trial should be ordered unless a *remittitur* of the $305 be made from the judgment rendered. "The practice of ordering a new trial of the entire case, unless that part which is found to have been erroneously included in the judgment or verdict shall be remitted or surrendered, has been sanctioned in this State as one beneficial to both parties to an action." *Dunning* v. *Crofutt*, 81 Conn. 101, 104, 70 Atl. 630.

There is error, and a new trial is ordered unless the plaintiff enters a *remittitur* of $305 of the amount of the judgment; but if such *remittitur* be entered, the judgment shall thereupon, as to the residue, stand affirmed; the costs of this court to be taxed, in either event, in favor of the appellant.

In this opinion the other judges concurred.