MARY E. DOOLITTLE *vs.* THE OTIS ELEVATOR COMPANY.
WALTER J. DOOLITTLE *vs.* THE OTIS ELEVATOR COMPANY.

Third Judicial District, Bridgeport, October Term, 1922.

WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

No appeal lies from the refusal of the trial court to grant a nonsuit.

In an action to recover damages for injuries to the plaintiff's automobile and for the loss of its use, it is possible that the cost of repairs plus fair compensation for the loss of use, may exceed the reasonable market value of the car at the time of the accident; and therefore a request to charge which limits the plaintiff's recovery to the value of the car, is properly refused.

The difference in value of an automobile before and after its injury is recoverable as damages; and this difference is generally, but not necessarily, measured by the cost of repairs.

An appellant cannot complain of the failure of the trial court to charge the jury respecting a matter of which no mention whatever is made in the finding.

Argued November 1st—decided November 27th, 1922.

ACTIONS to recover damages for personal injuries to the respective plaintiffs and for injuries to the automobile of one of them, brought to the Court of Common Pleas in Fairfield County and tried together to the jury before *Booth, J.;* verdict and judgment for the plaintiff in each case, and appeal by the defendant. *No error.*

These actions were tried together and upon the same evidence, except as to damages; and the same reasons were assigned in each appeal.

*Stanley T. Jennings,* for the appellant (defendant).

*David W. Price,* for the appellees (plaintiffs).

BURPEE, J. In the first assignment of error, the appellant asserts that the trial court erred in denying

its motion for a nonsuit.  This denial is not a ground of appeal.  *Bradbury* v. *South Norwalk*, 80 Conn. 298, 299, 68 Atl. 321.

It appears in the judgment-file that the court denied a motion made by the defendant to set aside the verdict in each case, but the grounds of the motion are not indicated, and its denial is not specified as a reason of appeal.  If it were, the defendant has not taken the steps necessary to have all the evidence made part of the record, nor in any way laid a foundation for such an assignment of error.  General Statutes, § 5840.

The sixth, seventh and eighth assignments of error complain that the court erred "in permitting the case to go to the jury" and "in accepting the verdict of the jury," because the testimony of witnesses "showed conclusively" certain things, and "in view of . . . the proof offered" and of "undisputed evidence." None of these questions was raised in the trial, or is properly stated as a reason of appeal; and if any were, the record furnishes no basis on which it might be considered by this court.

The defendant requested the court to charge the jury in this language: "If your verdict is for the plaintiff, and you should find that the reasonable market value of the car damaged belonging to the plaintiff, does not equal the amount proven by him by way of repairs and loss of use, then your verdict for property damages should not exceed the reasonable market value of said car at the time of the accident, less the value of the car after the accident."  The court refused properly.  If the jury found a verdict for the plaintiff, one of the elements which they should consider and include in the award of damages, under the pleadings and claims of the parties, was fair compensation for the loss of use of his automobile, and

in such amount their verdict might "exceed the reasonable market value of said car." The request made is misleading, and suggested an incorrect statement of the law applicable to the issue.

The defendant requested the court to charge the jury as follows: "If your verdict is for the plaintiff, then so far as the property damage claim is concerned, and you find that plaintiff's automobile is not totally destroyed, the measure of damages usually adopted is the difference between the market value before the injury and market value thereafter." Upon this point the court instructed the jury that the rule, in the case supposed, is that the measure of damages is the difference in value of the article before and after the injury, which is generally, but not necessarily, measured by the cost of repairs; and that the jury must determine the damages from the evidence according to the rule stated. This was a substantial compliance with the defendant's request, and a summary, but sufficient, statement of the law relating to the facts which the parties claimed to have proved. *Kiely* v. *Ragali*, 93 Conn. 454, 106 Atl. 502; *Hawkins* v. *Garford Trucking Co.*, 96 Conn. 337, 114 Atl. 94.

It appears in the finding of facts which is in the record, that the plaintiff offered evidence to prove that he lost the use of his automobile for a period of five weeks, and that the value of that use was $30 a week; and that the defendant offered evidence to prove that the period of his loss of use was two weeks, but no evidence concerning the value of the use. Nothing is stated about any evidence of the rental value of the car, nor about the evidence which either party offered to prove what he claimed to have proved. Therefore it does not appear that the court was called on to give the jury any instructions respecting rental value, as requested in the sixteenth request. *Cook*

v. *Packard Motor Car Co.*, 88 Conn. 590, 92 Atl. 413. With the record before us, we cannot say that the charge upon the subject of damages for the loss of use of his automobile was erroneous. Nor does it appear that the plaintiff claimed to recover for, or offered any evidence to prove, speculative damages for loss of future business and profits. There is no ground for the fourth and fifth assignments of error.

The other matters mentioned in the appellant's brief are quite outside of the record, and deserve no attention.

There is no error.

In this opinion the other judges concurred.