# THE NEW ENGLAND IRON WORK'S COMPANY *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

An inadvertent or chance remark in a charge touching contributory negligence, although incorrect, will not be treated as misleading or harmful, if all the other instructions upon the issue of negligence and contributory negligence, repeatedly given, were correct in law and adapted to guide the jury to a just and lawful conclusion.

In the course of its charge the trial court, alluding to the duty of the plaintiff to show that he had made reasonable use of his own senses to avoid any danger which he might reasonably have anticipated, added, "that is, such use of them as an ordinarily prudent man of his class and condition would have made in the circumstances." *Held* that although the reference to a man of "his class and condition" was erroneous, yet in view of the other full, complete and correct instructions touching negligence and contributory negligence, several times asserted, and of the absence of any evidence as to the plaintiff's "class or condition," and of any other allusion thereto, it was hardly possible the jury could have understood that the trial court intended to qualify the established rule of reasonable care.

In the present case each party claimed that the negligence of the other was the proximate cause of the collision between the plaintiff's motortruck and the defendant's trolley-car. *Held* that under these circumstances a proper instruction of what constituted proximate cause, as applied to the controverted questions of negligence and the respective claims of the parties, was as favorable to the losing defendant as the situation required.

The trial court does not "find" facts in a case tried to the jury, but merely makes a statement of what evidence each party offered and claimed to have proved thereby; and if this statement is erroneous in any material respect, the party thereby affected should apply to the trial judge for its correction.

Evidence that the rental value of a motortruck—of the use of which the plaintiff was deprived for from ten to twelve days—was $25 a day, including therein the pay of the driver, the cost of gasoline and oil, and the depreciation caused by wear and tear, does not warrant a verdict for any specific sum for the loss of use, if no evidence at all as to cost of gasoline, oil and depreciation is before

the jury; for under such circumstances their conclusion does not rest upon evidence but is mere speculation, surmise or conjecture. It was practically undisputed that the damage to the plaintiff's truck was $265, to which the jury added $140 for loss of use. *Held* that a new trial would be granted unless the plaintiff remitted the last named sum.

Argued January 26th—decided March 1st, 1923.

ACTION to recover damages for injury to the plaintiff's motortruck and for the loss of its use, alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $415, and appeal by the defendant. *Error and new trial ordered unless plaintiff remits $140 of judgment.*

*Seth W. Baldwin,* for the appellant (defendant).

*Samuel E. Hoyt* and *Stanley Dunn,* for the appellee (plaintiff).

BURPEE, J. The appellant assigns for a reason of appeal this sentence in the charge to the jury: "The plaintiff is bound to show that he made reasonable use of his own senses and faculties to avoid any danger that he might reasonably have anticipated; that is, such use of them as an ordinarily prudent man of his class and condition would have made in the circumstances." It is contended that the words "of his class and condition," attach an improper qualification to the rule of reasonable care. We find that the court had already stated that this action was based on negligence, and that negligence was the doing of something which a reasonably prudent man would not do in the circumstances, or the omitting to do something which a reasonably prudent man would do in the circumstances;

that it was the breach of a legal duty owed by one person to another; and that such legal duty was the exercise of reasonable care. The court had also instructed the jury that the plaintiff, in order to recover in this action, must prove that the driver of its motortruck was exercising reasonable care at the time and place of the collision described in the complaint. It then defined the term reasonable care, saying: "Reasonable care in law means such care as would be used by a reasonably prudent man placed in a position similar to that in which these parties were placed, and the law requires reasonable care of each of these parties." Thereafter the court repeated the statement that the standard of duty to which both the defendant and the plaintiff must conform was the use of reasonable care, and that the plaintiff must produce a preponderance of evidence to prove, first, that the defendant did not exercise reasonable care in the particulars alleged in the complaint; and, second, that the injuries complained of were caused by its failure to exercise such reasonable care; and, third, that the plaintiff's lack of reasonable care did not materially contribute to these injuries. Then the court used the language which the appellant criticizes. But after giving instructions concerning other questions of law arising in the case, the court returned to the subject of contributory negligence, and said that whether the plaintiff "was guilty of contributory negligence depends upon whether he acted as an ordinarily prudent man would have acted under the circumstances; and this is a question of fact for you to determine. Contributory negligence is the doing or omitting to do that which under the circumstances a reasonably prudent man would not have done or would not have omitted to do to avoid injury resulting to himself from the negligence of the defendant." And again: "The

principle is well settled that if a plaintiff has been guilty of a want of ordinary care contributing to the production of an injury, he cannot recover." And afterward: "There is no different rule for determining what is negligence in a plaintiff from that which is applied in the case of a defendant. The usual common law measure or standard of duty is ordinary care under the circumstances." Finally the court instructed the jury that if they should find that "no act of the plaintiff materially contributed to produce the accident, then your verdict should be for the plaintiff," but if they should conclude that the defendant had acted as a reasonably prudent man would act, or that the negligent conduct of the plaintiff materially contributed to the accident, their verdict should be for the defendant.

It seems hardly possible that these instructions, which were correct in law and adapted to the issues in the case, should have failed to guide the jury to a just and legal conclusion. The expression which the appellant complains of could have had no material significance or influence. The attention of the triers had not been directed by allegation in the complaint, or by any evidence which we find in the record, to any peculiarity in the "class and condition" of the plaintiff's driver who was handling its motortruck at the time it was injured, or to any claim that his "class and condition" was a factor to be considered and reckoned on in deciding the issues in this case. There had been no reference to his competency, experience, age, intelligence, or mental or physical condition, or to his character or his position in life. Nothing had been disclosed concerning the man himself except that he was a licensed driver of motor vehicles, and had been driving a truck for the plaintiff about three years and a half. Those facts were the only facts before the jury which

may fairly be considered as fixing his "class and condition," and to them only could the language of the court be reasonably understood to apply. For these reasons, and considering the other above-quoted parts of the charge both preceding and following the passage in question, it seems evident that the court did not and did not intend to, and could not fairly have been understood to, make any qualification of the established rule of reasonable care.

The appellant also claims that the trial court erred in specified parts of its charge relating to proximate cause. The plaintiff alleged and claimed to have proved that the driver of its motortruck was using reasonable care at the time of the collision. This the defendant denied, and asserted that the negligence of the driver materially contributed to the accident. The plaintiff offered evidence to prove that its driver, as soon as he saw the defendant's trolley car approaching, put on his brakes and stopped his truck within a few feet and when it was partly over the trolley tracks; and that the defendant's motorman saw the plaintiff's truck in that position in time to avoid a collision by stopping his car, but immediately increased its speed and ran ahead until he struck the plaintiff's truck. On the other side, the defendant offered evidence to prove that the plaintiff's driver saw the approaching trolley-car in time to bring his truck to a stop before it reached the trolley track. Each party contended that it was the negligence of the other that was the proximate cause of the injuries. In these circumstances, the court gave to the jury the definition of negligence as a proximate cause, substantially as it has been stated and repeated by this court. *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888; *Farrington* v. *Cheponis*, 84 Conn. 1, 7, 78 Atl. 652; *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 115, 84 Atl. 301, 524;

*Brown* v. *Page,* 98 Conn. 141, 146, 119 Atl. 44. These instructions were applicable to the evidence and to the claims of the parties, and as favorable to the defendant as the conditions required.

The appellant bases several assignments of error upon claims that the court "erred in finding" certain paragraphs in the finding of facts. Of these assignments it is enough to point out, as the record plainly shows, that the court has not found any facts, but has stated, as the statutes and our rules prescribe, merely what each party offered evidence to prove and claimed to have proved. Rules of Supreme Court, § 7; Practice Book (1922) p. 308. The evidence made part of the record seems to be sufficient to justify the action of the court in this case. If the appellant considered that the finding contained an erroneous statement, it should have applied to the trial court for a correction. This it does not appear to have done. *Elliott* v. *New York, N. H. & H. R. Co.,* 83 Conn. 320, 327, 76 Atl. 298.

The jury returned a verdict for the plaintiff to recover $415. On the trial it was conceded that the damage to his truck amounted to $265. In addition to this sum the plaintiff sought to recover $140 for loss of use of its truck from ten to twelve days, and offered testimony to prove that the rental value of a similar truck was $25 a day, including the pay of a driver, the cost of gasoline and oil, and the depreciation caused by wear and tear. It also offered evidence to show that the usual pay of a driver was $4 a day, but none whatever relating to the cost of oil and gasoline or depreciation. Notwithstanding this omission, the jury included in the amount of their verdict $140 for loss of use of the truck. This was a mistake, because they had no facts with which to compute just compensation for that loss. To determine this, not only the pay of the driver, but also the cost of the other items of oil,

New England Iron Works Co. *v.* Connecticut Co.

gasoline and depreciation, should have been deducted from the rental value. But with no information concerning any of these items except one, manifestly they could not determine the sum to be subtracted, and when they assumed to fix that sum at $140, they were merely speculating or guessing. We hardly need to say that damages in such a case as this cannot be assessed by such a method. In such circumstances, it was the duty of the jury not to attempt to determine what sum might be allowed for loss of use of the truck, and to exclude from their verdict any damages for that loss, and to return a verdict only for the damage to the truck. Therefore the verdict they rendered was excessive to the amount of $140, and the defendant's motion to set it aside for that reason should have been granted. But since the undisputed amount of the damage to the truck has been fixed by this verdict, and no error appears in the trial except the one we have just pointed out, it does not seem necessary or advisable to order a new trial, provided the plaintiff will make *remittitur* of the sum improperly included.

Therefore we find that there is error and a new trial is ordered unless the plaintiff within ten days files a *remittitur* of $140 of the amount of the verdict rendered.

In this opinion the other judges concurred.