JAMES E. LONGWORTH *vs.* MARGARET McGRATH ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

*DeLancey S. Pelgrift,* for the appellant (defendant George C. Wihbey).

*Francis T. Healey,* for the appellee (plaintiff).

PER CURIAM. The sole error pursued on the appeal is the inclusion in the verdict of the sum of $140 for the loss of use of the plaintiff's automobile. The only evidence of loss of use was that of the plaintiff, who testified that the fair and reasonable rental value of a car such as the one injured per day was $10, exclusive of the cost of a driver and of gas and oil and taking into consideration the depreciation, that is, the wear and tear on it every day. Because plaintiff testified that he had never hired a car of this type, the defendant appellant Wihbey claims that his testimony upon this subject-matter was mere hearsay.

That conclusion does not at all follow. The defendant neither sought to develop the basis of plaintiff's opinion or to offer evidence upon this point. He cannot now be permitted to make this claim, especially in view of the fact that the court refused to set aside the verdict.

The defendant further claims that plaintiff introduced no evidence to show how much should be allowed for depreciation. On cross-examination, counsel for the defendant explained to the witness that by depreciation he meant wear and tear and then inquired: "Were you taking that into consideration when you said $10 a day?" And he answered, "Yes, I am." The most that the defendant could claim from this was that the expression was susceptible of an equivocal meaning. We think the jury and court had the right to accept the answer as reasonably intending to exclude the element of depreciation. The evidence was sufficient from which to find the measure of the loss of use to plaintiff of this car for the admitted period of two weeks within our established rule. *Hawkins* v. *Garford Trucking Co., Inc.*, 96 Conn. 337, 114 Atl. 94; *New England Iron Works Co.* v. *Connecticut Co.*, 98 Conn. 609, 120 Atl. 281.

There is no error.