COMMERCIAL CREDIT CORPORATION *vs.* JOHN MIRON.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 25th—decided December 18th, 1928.

*Arthur B. Weiss,* with whom, on the brief, was *Bernard P. Saltman,* for the appellant (plaintiff).

*Franklin Coeller,* for the appellee (defendant).

HAINES, J. It appears from the record to be undisputed that in March, 1926, the New Haven Flint Company sold and delivered this automobile to the defendant for $1,433, of which there was paid upon delivery $583 in cash and an allowance made of $200 in trade, leaving a cash balance due from the defendant of $650, for which sum the defendant gave a note payable in equal monthly instalments, the first of which matured one month from the date of the sale. The parties executed a conditional sale contract which provided, among other things, that if the defendant failed to pay any instalment when due the seller or his representative might retake possession of the automobile. This conditional sale contract with the note, was transferred by indorsement to this plaintiff, and the present action was brought by the latter upon the allegation that one of the instalment payments had not been met when due. By this action of replevin the car was taken from the possession of the defendant. In his answer the defendant denied that he had failed to pay any instalment when due, and by counterclaim he asked for the return of the automobile and damages for its retention. The jury returned a verdict for the defendant and assessed his damages at $800. It seems further to be conceded that this $800 represents the amount fixed by the jury as the value to the defendant of the use of the automobile for the time he had been

deprived of it by the taking, July 29th, 1927, to the date of the verdict, May 23d, 1928.

The plaintiff moved to set aside the verdict as contrary to the law and the evidence, and specifically claimed that there was no evidence upon which the jury could legally and reasonably have determined the compensation for the loss of use as $800, and that that result was based upon conjecture only. This motion was denied.

That the defendant was entitled to fair and reasonable compensation for loss of use of the automobile, is well settled. *New England Iron Works Co.* v. *Connecticut Co.*, 98 Conn. 609, 614, 120 Atl. 281; *Doolittle* v. *Otis Elevator Co.*, 98 Conn. 248, 118 Atl. 818; *Hawkins* v. *Garford Trucking Co.*, 96 Conn. 337, 114 Atl. 94; *Blakeslee Co.* v. *Rigo*, 94 Conn. 481, 484, 109 Atl. 173; *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, 92 Atl. 413.

The determination of what is "fair and reasonable compensation" is sometimes a matter of difficulty and dependent upon the circumstances of the particular case. We have heretofore had occasion to deal with the question in various aspects, as will be seen from the foregoing decisions. From the principles laid down in the adjudicated cases and upon authority, it is important that there be evidence before the jury from which they can determine the value of the automobile, the market value of the use of which the owner has been deprived, and the cost to the owner of the exercise of that use under the conditions surrounding his enjoyment of it. Into this cost enters the expense of gasoline and oil, and a certain sum for depreciation resulting from the use. We do not understand counsel to differ materially as to these requirements of proof. They do differ upon the question whether the jury in the present case had before them the evidence neces-

sary to determine these various questions. The judge of the trial court has certified that the evidence in our record is all the evidence given to the jury upon these questions. The only question involved was that of damages, and counsel were not justified in requesting that all the evidence in the case be printed. The action of the court in certifying only the relevant portions of the evidence is to be commended.

As to the value of the car, the jury had before them the valuation put upon it by the plaintiff in the replevin papers and the testimony of at least one witness, and they were thus in a position to fix its value. This witness also stated that the rental value of this car was less than that of a new car of the same type.

On the question of the amount which would compensate the defendant for the deprivation of the use of the car, only one witness was called. The examination of this witness discloses considerable confusion of mind, and much uncertainty as to whether witness and counsel understood each other. The only conclusion which can be deduced is contained in one of the closing questions and answer: "Q. So that $7.50 includes depreciation, use of tires, use of the automobile, but does not include gas and oil?   A. That is right."

The plaintiff contends that this gave the jury no evidence upon which to calculate the cost of gasoline and oil and depreciation, and that if the jury accepted $7.50 as the daily rental value of the car, they could arrive at no figure for the necessary deduction, save by conjecture. The defendant, on the other hand, insists that the witness's testimony was to the effect that $7.50 was the *net* value of use, and that the witness had himself made this calculation and allowance in fixing this figure. The latter claim cannot be sustained by any proper interpretation of the testimony, either in the portion quoted or elsewhere.

It appears that the period of deprivation was fixed —about three hundred days—and the amount allowed in the verdict was thus $2.66 per day. It is clear that the jury reduced the $7.50 by some sort of allowance and deduction from the rental value, and as they clearly had no evidence upon which to calculate this sum, the conclusion is inescapable that the result arrived at was reached either arbitrarily or by speculation and conjecture. The motion to set aside the verdict should have been granted.

There is error and a new trial is ordered on the question of damages only.

In this opinion the other judges concurred.