WILLIAM H. NOONAN *vs.* HENRY J. WAGNER ET AL.

First Judicial District, Hartford, January Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.
Argued January 3d—decided March 2d, 1929.

*Terry J. Chapin,* with whom, on the brief, was *Samuel Sisisky,* for the appellant (defendant Marie Wagner).

*Harold J. Bromage,* for the appellee (plaintiff).

PER CURIAM. There is no controversy as to the negligence of the defendant Henry Wagner having caused the injury to the plaintiff's truck for which he brings this action. The sole appellant is the codefendant Marie Wagner. The complaint charged that Henry Wagner, her husband and codefendant, while operating a Ford truck which was the property of Marie Wagner, carelessly drove it into the automobile of the plaintiff and damaged it, and that at this time

(730)

he was operating the truck belonging to her as her agent and bailee and while he was carrying out the business and purpose for which the truck was kept and maintained by her.

Upon the evidence the jury could not reasonably have found that this truck was owned by defendant Marie Wagner, or that her husband, the defendant Henry Wagner, was operating the truck as her agent or bailee in the business and for the purpose for which she kept and maintained it. On the contrary, the evidence showed that the truck was owned by Henry Wagner and used by him principally in his own business, and at the time of the collision used for his business and not that of his wife and that he was not then operating the car as her agent or bailee. The court would have been justified in directing a verdict for the defendant-appellant.

The trial court was in error in not granting the defendant's motion to set aside the verdict.

In view of this conclusion, we do not consider the claimed errors in the charge as set forth in the additional appeal, except to point out, that the jury did not have before them the elements necessary to support a recovery for loss of use and in submitting this item of damage to the jury the trial court did not give the jury the elements ordinarily essential to a recovery for loss of use as held in this jurisdiction. *Hawkins* v. *Garford Trucking Co., Inc.,* 96 Conn. 337, 114 Atl. 94; *Cook* v. *Packard Motor Car Co.,* 88 Conn. 590, 92 Atl. 413; *Doolittle* v. *Otis Elevator Co.,* 98 Conn. 248, 118 Atl. 818; *New England Iron Works Co.* v. *Connecticut Co.,* 98 Conn. 609, 120 Atl. 281.

There is error, the judgment against appellant is set aside and a new trial ordered as to her.