RALPH MASTRIANNI *vs.* THE APOTHECARIES HALL COMPANY.

Third Judicial District, Bridgeport, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 9th—decided July 10th, 1929.

*M. J. Blumenfeld,* with whom, on the brief, was *David R. Woodhouse,* for the appellant (defendant).

*Theobald E. Conway,* with whom, on the brief, was *William W. Gager,* for the appellee (plaintiff).

WHEELER, C. J. The trucks of plaintiff and defendant came into collision at about the base of the public highway over Southington Mountain causing substantial damage to plaintiff's truck. None of the corrections of the finding if made could change the result reached. The conclusion of the court from the subordinate facts that the defendant's driver was guilty of the negligence charged and that the plaintiff's driver was free from contributory negligence must be sustained.

The remaining assignment of error is that the plaintiff failed to prove damages for loss of use of its truck. This is not accurate. The plaintiff did prove such damages. What the defendant now complains of in his brief is the court's failure to deduct from the value of the use of the truck the reasonable value of the services of the driver of the truck. The finding does not state that the services of the driver were included in the allowance made for the use of the truck, nor is there anything in the finding which tends to indicate that this is so. The defendant made no motion to correct the finding and insert such a fact. It ought not now to be allowed to insert it in the finding by the transference of this allegation of a fact in its brief to the finding of the court. The finding is explicit that the plaintiff's truck was earning at the time of the accident $33 a day gross, that the daily cost of its operation for gasoline and oil was $4.86 and for depreciation $3 for the thirty-nine working days it was out of commission. The court also deducted $18 for depreciation for the six Sundays the car was out of commission. We see no basis for this last deduction but that is of no consequence since the plaintiff has not appealed. So far as the record discloses the court complied with our rules for measuring the value of the use of a car. Elements ordinarily essential

would be the value of the automobile, its market rental value, which may be measured by its actual rental, less the proportion of the rental value which covers the depreciation resulting from wear and tear in the use of the automobile, and the period of necessary deprivation of use. Necessarily the cost of ·all items, such as gasoline, oil and the services of a driver, which may be included in the market rental value of a car must be deducted. *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, 594, 92 Atl. 413; *Hawkins* v. *Garford Trucking Co., Inc.*, 96 Conn. 337, 339, 340, 114 Atl. 94; *New England Iron Works Co.* v. *Connecticut Co.*, 98 Conn. 609, 120 Atl. 221.

There is no error.

In this opinion the other judges concurred.