ROBERT C. HANSEN *v*. PATRICK COSTELLO.
ERMINA HANSEN *v*. PATRICK COSTELLO.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Submitted on briefs February 8—decided April 5, 1939.

*DeLancey Pelgrift* and *Farrel J. LeRoy* on the brief for the appellant (defendant).

*Bruce Caldwell* on the brief for the appellees (plaintiffs).

HINMAN, J.   The plaintiffs in these two actions, husband and wife, were riding in a car driven by the wife in a southerly direction on Maple Avenue in Hartford, when a collision occurred with a car driven by the defendant.   The latter was proceeding westerly on Bushnell Street, which intersects Maple Avenue from the east but does not cross it.   The finding is not as complete in details as is desirable, but the conclusion of the trial court that the plaintiffs' car had the right of way at the intersection necessarily imports a finding that the two cars were arriving at approximately the

same time, and this is supported by the fact that the collision occurred well within the intersection, particularly in view of the finding that the plaintiffs' car did not change its speed as it approached the intersection and there is no finding of any change in the speed of the defendant's car. Also the injury to the plaintiffs' car was upon its left rear side. The trial court's conclusions that the defendant was negligent in failing to grant the right of way to the plaintiffs' car, to keep a reasonable outlook, and to have his car under proper control, are reasonable and cannot be disturbed. As the driver of the plaintiffs' car was entitled to assume that the defendant would yield her the right of way, the finding that after she saw the defendant's car on Bushnell Street before she reached the intersection she continued on without change of her speed of twenty to twenty-five miles an hour and did not again notice the defendant's car until the collision occurred, would not establish negligence on her part, as a matter of law. The trial court did not err in finding the defendant liable.

The trial court allowed the husband, in the action he brought, an item of $60 representing rental paid by him to hire another car while his own was laid up as a result of the collision. We have frequently had before us the question of the proper measure of recovery by an owner for the loss of use of his automobile due to the tortious act of another. *Commercial Credit Corp.* v. *Miron,* 108 Conn. 524, 526, 143 Atl. 846, and cases cited; *Longworth* v. *McGrath,* 108 Conn. 738, 143 Atl. 845; *Mastrianni* v. *Apothecaries Hall Co.,* 109 Conn. 376, 146 Atl. 819; *Card* v. *Bissing,* 114 Conn. 71, 78, 157 Atl. 644. None of these cases involved an actual expenditure made necessary in order to hire another car to replace that which was injured during the period while it could not be used. Such an ex-

penditure is as much a proper element of recoverable damages as is any other expenditure made necessary by a tortious injury, and at least where nothing is saved the owner by reason of the use of the hired car—and the finding in no way indicates that this was not so in this case—the amount actually expended is the measure of recovery. *Goldshear* v. *Blank,* 168 N. Y. S. 628.

The husband indorsed the writ in the action brought by the wife, under the provisions of § 842d of the 1937 Supplement to the General Statutes which permits a wife in an action for personal injuries brought by her, when a husband indorses his consent upon the writ, to recover expenditures which he has made or will be compelled to make by reason of the injury. In her action the trial court included as an element of damage the sum of $370 paid to a woman as compensation for the performance of domestic duties in the plaintiffs' household and attendance upon the plaintiff as a practical nurse, and also in the management and care of an apartment house which the plaintiff had helped her husband to manage. Where a husband is compelled by an injury to the wife to make expenditures to aid her in her recovery or for services in the maintenance of her family caused by her injury or services which she, except for the injury, would have performed for him, he is entitled to recover the sums spent. *Beckert* v. *Doble,* 105 Conn. 88, 90, 134 Atl. 154; *Katz* v. *Cohn,* 122 Conn. 338, 340, 189 Atl. 594. In the following cases expenditures made by a husband to hire a person to perform in the household duties which the wife would have performed except for the injury were held to be properly included in the judgment. *Hertzberg* v. *Pittsburgh Taxicab Co.,* 243 Pa. St. 540, 542, 90 Atl. 344; *Woodward* v. *Wilbur,* 54 R. I. 60, 169 Atl. 486; *Useman* v. *Minneapolis St. Ry. Co.,* 198 Minn.

79, 268 N. W. 866; *Tomme* v. *Pullman Co.*, 207 Ala. 511, 513, 93 So. 462. It is true that under our law damages due to the incapacity of a wife by reason of a personal injury are recoverable by her and not her husband, but the right to recover sums actually paid by the husband because of that incapacity "rests upon a different basis." *Marri* v. *Stamford Street R. Co.*, 84 Conn. 9, 23, 78 Atl. 582. As the expenditures here in question were recoverable by the husband, his indorsement of the writ was sufficient authority for their inclusion in the judgment for the wife. The finding that the expenditures were incurred by her makes no difference; if, under this finding, she was entitled to recover them in her own right, the allowance was of course correct; if the right to recover them was in her husband his indorsement of the writ transferred that right to her. The finding that the award to the wife, in her action, of $1000 was for her personal injury and suffering makes clear the somewhat ambiguous statement in the memorandum of decision; this allowance cannot be construed as including a recovery for her incapacity, and no question of a possible double award for the same loss is presented by the record.

There is no error.

In this opinion AVERY and JENNINGS, Js., concurred; MALTBIE, C. J., and BROWN, J., dissented from so much of the opinion as holds that the plaintiffs were entitled to recover.