Roy A. Anderson *v.* Gengras Motors, Inc.

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued October 13—decided November 23, 1954

*Sidney D. Pinney, Jr.,* for the appellant (defendant).

*Irving S. Ribicoff* and *Samuel Freed,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued the defendant to recover damages for injury to and loss of use of his automobile. The complaint was in two counts, one for the breach of a contract of bailment for hire and the other for negligence. The court found the issues for the plaintiff, and the defendant has appealed from the judgment.

The finding, which is not subject to material correction, recites the following facts: The defendant is engaged in the business of dealing in new and secondhand automobiles and, in connection there-

with, maintains a garage in the city of Hartford. On the morning of November 19, 1947, the plaintiff brought his automobile to the garage to have some minor repairs made. He was told by one of the defendant's employees that the automobile would be ready by 5 p.m. that day. When the repair work was completed at 3:30 p.m., the employee, acting within the scope of his employment, drove the car to a parking lot adjoining the garage and left it. This was in accordance with a practice pursued by the defendant whenever the garage became overcrowded, as was the case on the day in question. The plaintiff's automobile was not returned to the garage that day but was permitted to remain parked and unlocked on the lot, with the ignition key either under the floor mat or resting on the sun visor. When the plaintiff called at the garage for his automobile on the following day, he learned that it had been stolen during the night. Never before had an automobile been stolen from the lot.

Under the terms of an agreement with the proprietor of the lot, the defendant was permitted to park the automobiles of its customers there, and for this privilege it made weekly payments proportioned to the extent of the use of the lot. The proprietor and his attendant were under instructions not to allow a customer of the defendant to drive his automobile off the lot without first presenting a release slip issued by the defendant. The defendant's service department closed each day at 5:30 p.m., and the sales department at 9 p.m. Just before the closing of the former department all customers' automobiles, except those which were wanted by their owners that evening, were regularly brought back to the garage for the night. Release slips for any cars left on the lot were then turned

over to the sales department. The parking lot was unattended after 9 p.m., and from then on through the night it remained open to any person, whether bent on mischief or otherwise. The attendant, before he left, customarily notified the defendant's sales department of the presence of any customers' cars still remaining on the lot.

On November 25, 1947, the plaintiff's automobile was found in a damaged condition. The defendant towed it back to Hartford and undertook to restore it to the condition it was in before the theft. The plaintiff lost the use of his automobile while it was in the defendant's possession for repairs. Other facts dealing with the value of the loss of use will be stated hereafter.

The failure of the defendant as a bailee to return the plaintiff's automobile raised the presumption that the nonproduction was due to negligence on its part. *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308, 310, 106 A.2d 162. This was ample to make out a prima facie case. *Murray* v. *Paramount Petroleum & Products Co.,* 101 Conn. 238, 242, 125 A. 617. The plaintiff, however, did not rely upon the presumption to support his claim of liability. He affirmatively established other facts from which the court was clearly entitled to reach the conclusion, as it did, that, in view of all the circumstances proven, the defendant was negligent. The court properly gave weight to the action of the defendant in leaving the plaintiff's car, unlocked and with its ignition key in a place where a thief would undoubtedly look for it, all night on a lot unguarded against thieves and vandals. One of the court's conclusions was that these narrated facts were ample to establish the defendant's negligence. We cannot hold as a matter of law, as the defendant urges us to do, that the

conclusion was unwarranted on the facts or illogical.

In rendering judgment, the court incorporated an amount to compensate the plaintiff for the loss of use of his automobile. We have long held that the owner may, in addition to damages for physical injury to his car, recover the value of its use while he is necessarily deprived of it. *Cook* v. *Packard Motor Car Co.,* 88 Conn. 590, 594, 92 A. 413; *Hawkins* v. *Garford Trucking Co.,* 96 Conn. 337, 340, 114 A. 94; *Longworth* v. *McGrath,* 108 Conn. 738, 739, 143 A. 845; *Hansen* v. *Costello,* 125 Conn. 386, 388, 5 A.2d 880; see *Fritts* v. *New York & N.E.R. Co.,* 62 Conn. 503, 509, 26 A. 347; *Brown* v. *Southbury,* 53 Conn. 212, 214, 1 A. 819; *New Haven Steam-Boat & Transportation Co.* v. *Vanderbilt,* 16 Conn. 420, 430. The rule applies whether the automobile was being used for commercial purposes or for the owner's pleasure. *Banta* v. *Stamford Motor Co.,* 89 Conn. 51, 56, 92 A. 665; *Cook* v. *Packard Motor Car Co.,* supra, 593. Indeed, in an action to recover damages for injury to an automobile and for the loss of its use, it is possible that compensation for the injury plus compensation for the loss of use may exceed the reasonable market value of the car at the time of the accident. *Doolittle* v. *Otis Elevator Co.,* 98 Conn. 248, 249, 118 A. 818.

Although the defendant does not challenge the existence of the rule, it maintains that in attempting to apply it the court erred by resorting to conjecture and speculation in determining the value of the loss of use. In the *Hawkins* case, supra, we said: "The value of the use is fixed by finding the market value of the use . . . during the period of loss of use. The market rental value of the property is a material and relevant factor in helping to ascertain the value of the loss of use. . . . But rental value will not fur-

nish the measure of damages for loss of use of an automobile; for the rental value of an automobile includes necessarily a substantial sum for wear and tear and depreciation. No definite general rule can be laid down, except that the award . . . should be for fair and reasonable compensation according to the circumstances of each case. . . . Elements ordinarily essential to such a finding would be the value of the automobile, its market rental value, less the proportion of this rental value which covers the wear and tear, and depreciation in the use of the automobile, and the period of necessary deprivation of use."

The court found, among other things, that the fair market value of the plaintiff's automobile, when stolen, was $900; that the lowest rental rates charged by one company engaged in renting passenger cars in the state of Connecticut was $7.50 a day or $35 a week, plus 7 cents for each mile driven by the lessee, who was to furnish at his own expense the necessary gasoline; that the reasonable market rental value of the plaintiff's automobile, without any allowance for gasoline, was $5 a day; and that a reasonable reduction for depreciation, insurance and garage rent was $1.15 per day. From the foregoing the court found as a fact that the market rental value of the plaintiff's automobile, less depreciation, insurance and garage rent, was $3.85 a day. It was concluded that the plaintiff was entitled to recover for loss of use of his car for eighty-three days.

The defendant concedes all of the foregoing facts except the $5 item representing the reasonable market rental value. While this specific item was not established by direct evidence, it was one which the court could reasonably have inferred from other proven facts. The court did not indulge in conjec-

ture or speculation. The amount included in the judgment for loss of use was justified.

There is no error.

In this opinion the other judges concurred.