DAVID PAINE ET AL. *v.* FEDERAL PACIFIC ELECTRIC COMPANY ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6805-1761

Argued January 12—decided March 6, 1970

*Anthony A. Tomaro,* of Hartford, for the appellant (third-party defendant).

*John F. Murphy,* of Hartford, for the appellee (third-party plaintiff).

PER CURIAM. The plaintiff David Paine worked as a salesman for Federal Pacific Electric Company, hereinafter called Federal, and while he was so engaged Federal provided him with an automobile to be used in connection with his work as a salesman. The automobile used by him was one rented by Federal from American Auto Leasing Company. On April 20, 1967, while this rented car was parked near Federal's business premises, a truck backed into and damaged it. The complaint further alleges that upon Federal's agreement to reimburse him, Paine rented an automobile from Hertz for use in performing his duties as a salesman for Federal. The rental costs of the replacement car amounted to $1309.02, and upon refusal of Federal to reimburse him Paine brought this action against Federal.

Upon motion of Federal, the United States Fidelity and Guaranty Company, hereinafter called USF&G, was impleaded as a third-party defendant. The third-party complaint alleges that USF&G insured the owner of the truck against public liability and that the damage to the rented car was due to the negligence of the truck owner's driver. It further alleges that USF&G authorized Paine to rent a substitute vehicle for his use pending the repair of the first car and that USF&G refused to

pay the rental charges for the replacement vehicle. Federal asks for judgment against USF&G for all sums which may be adjudged against it in favor of Paine.

The only evidence presented at the trial was that of the plaintiff Paine. Neither Federal nor USF&G called any witnesses or presented any evidence. They relied on their cross-examination of Paine to establish their respective claims.

The court rendered judgment for the plaintiff Paine to recover $1309.02 from the defendant Federal, and it rendered judgment for the third-party plaintiff, Federal, to recover judgment for $449.53 from the third-party defendant, USF&G, presumably being the prorated portion of the total amount attributable to the rental period from April 20 to May 11, 1967. USF&G appeals from the judgment rendered against it. Federal has not appealed from the judgment rendered against it.

The following is a summary of the facts found by the court: Paine was provided with a rented vehicle by Federal for the purpose of carrying on his employment as a salesman with it. On April 20, 1967, while the rented car was parked, it was struck by a truck. The truck operator admitted backing into the rented car. The owner of the truck was insured against public liability by the third-party defendant, USF&G. On the same day as the accident, Paine contacted USF&G by telephone. He informed USF&G of the accident and the damage to the rented car and that he was going to rent a replacement vehicle pending the repair of the damaged car. On that occasion USF&G did not say to Paine that it would not reimburse him or his employer for the rental of the replacement vehicle. USF&G requested two repair estimates of Paine, and these were furnished to it. USF&G did not

deny coverage, and it made some payment for repairs to American Auto Leasing Company, the owner of the first rented vehicle. Federal consented to Paine's renting a replacement vehicle from Hertz. At no time was Paine told by Federal that it would not pay the rental charges. Paine was told by Federal he would be reimbursed by Federal or USF&G. Following a telephone conversation participated in by Paine, a representative of Federal, and a representative of USF&G, Paine wrote USF&G that he and Federal expected USF&G to pay for the rental of the replacement vehicle. On May 11, 1967, Paine was informed by USF&G "it would no longer be responsible for the rental." Paine rented the replacement vehicle from April 20, 1967, to approximately the last week in June, 1967, and he paid $1309.02 to Hertz for the rental of this replacement vehicle for that period.

The court reached the conclusion in the third-party action that the third-party plaintiff, Federal, is entitled to recover $449.53 from the third-party defendant, USF&G. The appellant, USF&G, assigns error in the court's refusal to correct the finding, and in that the conclusion is not supported by the finding.

While several findings of fact are attacked, only the assignment of error directed against the following unnumbered paragraph of the finding need be considered. The paragraph reads: "The plaintiff was informed by the third party defendant [USF&G] that it would no longer be responsible for the rental on May 11, 1967." That finding contains the implication that at some time prior to May 11, 1967, USF&G had agreed to be responsible for the rental of the replacement vehicle. There is nothing in the evidence supporting such an implication. The transcript is barren of any evidence that

USF&G at any time authorized the rental or undertook to pay for it. On the contrary, the transcript reveals that Paine testified that USF&G had never promised to reimburse him for the replacement rental and that USF&G's response on May 11, 1967, to Paine's letter requesting reimbursement was a "definite no, they were not reimbursing."

There is no support in the evidence for the unnumbered paragraph discussed, and the court erred in failing to grant the motion of the third-party defendant to strike it from the finding. With this paragraph removed from the finding, the finding does not support the court's conclusion that the third-party plaintiff is entitled to judgment.[1]

There is error on the appeal in the third-party action, the judgment is set aside and the case is remanded with direction to render judgment for the third-party defendant.

In this opinion KOSICKI, JACOBS and CASALE, Js., participated.

---

[1] It may be noted that there is no showing that Federal, as lessee of the damaged car, was entitled to demand rental for a replacement car from USF&G. First, it is not entitled to recover damages, for whether the leased car was damaged or not, it was Federal's obligation under its agreement of employment with Paine to furnish him with a car. Second, the owner of a car may, in addition to damages for physical injury to it, recover the value of its use while he is necessarily deprived of it. *Anderson* v. *Gengras Motors, Inc.*, 141 Conn. 688, 692. The damaged car was owned by the American Auto Leasing Company, and if rental for the replacement car was to be paid by USF&G, it would be recoverable by the owner of the car, rather than by the lessee, just as payment was made to the owner for the repair of its car, unless, of course, Federal made a showing that it had the right to recover under the terms of its rental agreement with the owner.