LEAHY, J.,
concurring.
Respectfully, I concur. I join in the judgment, but write separately to express my concern that the rule proposed by the majority is an unnecessary departure from the common law that would allow constructive presence to become the default practice of trustees at foreclosure sales. I would make explicit that the failure of a trustee (or an empowered and properly supervised delegate) to physically attend the sale remains an irregularity in the sale, which, should it result in actual prejudice, would be fatal to the sale. As the majority states, neither statute nor rule require the physical presence of a trustee at the sale of real property; however, both ease law and decades of common practice reflect the requirement *162 that a trustee be physically present at the sale. To conclude that constructive presence is permitted raises too many questions. If constructive presence via telephone is permitted, would it be sufficient for a trustee to be available to answer questions via text message or to simply be available to take a phone call if necessary? I submit that it would not.
The majority acknowledges, citing Hopper v. Hopper, 79 Md. 400, 29 A. 611 (1894), that the “attendance at the place and time of sale is an obligation of a trustee.” Maj. Op. at 158, 126 A.3d at 830. But then the majority looks to Wicks v. Westcott, 59 Md. 270, 279 (1883) for the proposition that “the concept of constructive presence of the trustee is at least condoned, if not actually permitted.” Maj. Op. at 159, 126 A.3d at 830. The Court in Wicks set aside the challenged ratification and sale of real property in that case based on the trustee’s failure to provide accurate information regarding certain encumbrances which resulted in the “exceptant and other bidders [ ] bidding in the dark, and in such uncertainty, that they could not intelligently bid for the property.” Wicks, 59 Md. at 274. Regarding the presence of the trustee at the sale, the Court noted, however, that despite the fact that “[n]o special exception was taken ... on that score, [and] the rule ... ha[d] no application” that the failure of a trustee to attend the sale is, generally, “a circumstance with others of which the exceptant ha[s] a right to complain, [and] it may be considered.” Id. at 279. It was in this context that the Court opined, in dicta, that it could not say that the trustee “near at hand and readily accessible if needed for any purpose may not be regarded as constructively present.” Id.
Notwithstanding its introduction of the concept of constructive presence, the Court in Wicks did not retreat from the principle that “the personal absence of the trustee from the sale, and making it through another, was a fact which threw discredit on the sale.” Id. The requirement that a trustee be present to guide and facilitate a sale at auction has been widely recognized across jurisdictions. In his treatise on trusts and trustees, George G. Bogert stated:
*163 It is easy to see that a trustee should be allowed to delegate to a subordinate the posting of a notice of a sale, or to an attorney the negotiation of terms which the trustee had decided upon. The performance of such acts does not entail the making of vital decisions....
Yet it is a far different thing to delegate to an agent ... the power to decide whether or not to sell and at what price and upon what terms.... Thus if the sale is by public auction the trustee must be present throughout the sale, ready to guide and control the proceedings, although he can employ an auctioneer to do the actual calling of the property.
Bogert, The Law of Trusts and Trustees § 556 (2d ed. rev. 1980). Retreating from this earlier (more harsh) standard, the modern rule under the Uniform Trust Code establishes that a trustee may “delegate [its duties] with reasonable care, [but] must establish the scope and terms of the delegation, and must monitor the delegate’s exercise of the delegated powers.” Bogert, The Law of Trusts and Trustees § 556 (2d ed. rev.1980, 2015 Supp.).
Maryland adopted a version of the Uniform Trust Code in 2014 that provides for such delegation. 2014 Md. Laws, ch. 585 (HB 83) (codified at Maryland Code (1974, 2011 Repl.Vol., 2015 Supp.), Estates and Trusts Article (“ET”) § 14.5-101 et seq.). Section 14.5-807 allows for such a specifically defined and monitored delegation and provides that the delegate then “owes a duty to the trust.” No such delegation appears to have taken place in the present case.
Notwithstanding the potential for delegation, the failure of a trustee or a duly empowered agent to physically attend the sale is “a circumstance with others of which the exceptant ha[s] a right to complain” and “a fact which thrfows] discredit on the sale.” See Wicks, 59 Md. at 279. It is not sufficient that an auctioneer be hired for the limited purpose of calling the property for sale, while the individual empowered to conduct the sale of the property is absent, or even, “constructively present.” Indeed, in Hopper, the Court of Appeals *164 recognized that “[i]t was the duty of the trustees, of course, to offer the property in such a manner as to bring its fair market value, and to exercise the same judgment and prudence that a careful owner would exercise in the sale of his own property.” 79 Md. at 400, 29 A. 611. Thus, “[i]t was [the trustee’s] duty to have been present” at the sale. The failure of one trustee, however, was not fatal to the sale in that case where it was conducted and supervised by a co-trustee; showing that “the sale was fairly conducted.” Id. The case law compels the conclusion that the presence of a trustee, or other duly empowered agent, is required to ensure that the sale is fairly conducted for the benefit of both the seller and the bidders.
The conveniences of modern times, such as the ability to be “constructively present” via cell phone, are great innovations that serve many good purposes. But, I believe we should be restrained to employ such innovations to reconstruct important protections unnecessarily. In my view, it is unnecessary to change the common law to allow trustees to be constructively present at the public sale, especially in light of Maryland’s adoption of ET § 14.5-807. Currently, the failure of a trustee (or an empowered and properly supervised delegate) to physically attend the sale is an irregularity in the sale. Such an irregularity, should it result in actual prejudice to the excep-tant, may be fatal to the sale. Cf. Ten Hills Co. v. Ten Hills Corp., 176 Md. 444, 449-50, 5 A.2d 880 (1939); Fagnani v. Fisher, 190 Md.App. 463, 470-71, 988 A.2d 1134 (2010). Rather than first conducting a factual analysis to determine whether the level of constructive presence is sufficient — realizing that constructive presence arguments might be made when a trustee is right next door or available via telephone or skype from Beijing, China — I would treat such an irregularity in the same manner as another serious irregularity in a public sale by a trustee. I would conclude that the party excepting to the sale had met its burden to demonstrate the presence of an irregularity in the sale, and, only thereafter, look to the circumstances surrounding the sale to determine whether the error resulted in actual prejudice. See Fagnani, 418 Md. 371, 383, 15 A.3d 282 (2011). A “constructive presence” analysis *165 should only be pertinent to determining whether the exceptant was prejudiced. Although the trustee was available by phone and was not physically present at the foreclosure sale in this case, I join in the judgment because the exceptant did not demonstrate “actual prejudice.”