MABEL M. L. WOODWARD *vs.* GEORGE M. WILBUR.
JESSE A. WOODWARD *vs.* SAME.

DECEMBER 29, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   These are actions to recover damages for injuries sustained by Mabel M. L. Woodward and expenses incurred by her husband by reason of the negligent operation of an automobile by the defendant on the 4th day of April, 1927.   The actions were tried together in March, 1930, and resulted in verdicts for the wife for $6,920 and for the husband for $2,160.   After a denial of defendant's motions for new trials, the cases are here on his bills of exceptions.

Defendant is president of a funeral corporation.   In April, 1927, he had charge of the funeral of Mrs. Woodward's father.   The funeral procession when returning from the cemetery consisted of three automobiles, the second of which was driven by defendant and was occupied by the plaintiffs and others.   As the automobiles were proceeding southerly on Pawtucket avenue, a wide highway in East Providence, and were approaching a private driveway leading easterly from said avenue to the offices of the Standard Oil Company,

they came up behind a truck moving in the same direction. The day was clear and no other vehicles were in the immediate vicinity.

The first automobile passed the truck, which was proceeding at about twenty miles an hour. As defendant, proceeding at about thirty miles an hour, was about to pass the truck, the driver began to turn the front wheels thereof to the left in order to cross the highway and enter said driveway. Defendant did not try to apply his brakes. He testified: "I did not think I had time to do so. . . . I was close to that man. Anyone that made that turn, I thought I could shoot by him and I hit the post. He did not slacken up until he got to the gate; he was going along as we did."

Defendant's automobile turned to the left, ran across the sidewalk, struck a post and then back across the highway over an embankment and dropped six or seven feet into a vacant lot where it plowed through the turf for a distance of seventy or eighty feet before it came to a stop.

The evidence of defendant's negligence is weighty. He lost control of his automobile and increased his power instead of shutting it off. The verdicts have been approved by the trial justice. The exceptions that the verdicts are contrary to the evidence and the weight thereof are overruled.

Exception is taken to the admission in evidence of life tables, and on the ground that the damages in each case are excessive. These exceptions will be considered together.

Mrs. Woodward was riding on the rear seat of the limousine. Her foot was caught between the folding seats of the automobile and she suffered a fracture of two bones in the right ankle extending into the ankle joint. There is now a thickening of the ligaments in the ankle joint which tends to limit motion in the joint and this limitation of motion is permanent. She has and will continue to have some difficulty in walking, particularly in going up or down stairs. She was 47 years old and in good health. She was a nurse and took maternity cases in her own home and did

all the housework. Her net monthly earnings were about $70. Since the accident she has been unable to work either in nursing or in the household. She is in a nervous condition which may continue for an indefinite time. As the declaration alleges a permanent injury and there is evidence to support this allegation, the life tables showing the expectancy of life were properly admitted. *MacGregor* v. *R. I. Co.*, 27 R. I. 85. The exception to the admission of this evidence is overruled.

Mr. Woodward testified that owing to the injuries of his wife he had expended $2,312.50 for medical and other necessary expenses; of this amount $1,692 was spent for household help. The damages are not excessive.

The third exception is to the refusal of the trial justice to grant a new trial on the ground of newly discovered evidence. In support of this exception defendant relies on the affidavit of the health officer of East Providence. This officer, a practicing physician, deposed that he was informed that Mrs. Woodward had been bitten by a mad dog; that he directed her to go to the Providence City Hospital for treatment; that she was given a daily treatment at the hospital and was discharged on August 19; that in his opinion a bite from a rabid dog and treatment given therefor causes a severe nervous shock of indefinite duration.

Mrs. Woodward in her affidavit states that on August 6, 1929, a dog bit her slightly, breaking the skin on her thumb; that she took the Pasteur treatment at the Providence City Hospital for fourteen days; that she was not disturbed by the accident as her physician, Dr. Platt, had explained to her that as she was taking this treatment there was no danger to be apprehended.

Dr. Platt in an affidavit states that the wound was cauterized within ten hours from the time she received the bite; that the efficacy of the Pasteur treatment was explained to her and that, in his opinion, the bite and the treatment had no ill effects on her nervous system. The assistant superintendent of the hospital deposed that he

treated her personally; that the injury to the tip of her thumb was negligible.

In his rescript the trial justice states that during the trial the plaintiff was examined as to whether she had been bitten by a mad dog and also that it appeared that defendant had knowledge of this fact. These statements are incorrect. There is nothing in the record to support them. These misstatements of the evidence were doubtless due to the fact that the trial justice heard the motions for new trials April 10, 1930, and did not file his rescripts denying the motions until July 12, 1932. Such a delay in the course of litigation is regrettable.

This newly discovered evidence is not of such character that it would be likely to change the verdict if produced at another trial. This exception is overruled. *Shepard* v. *N. Y., N. H. & H. R. R. Co.*, 27 R. I. 135; *Zoglio* v. *T. W. Waterman Co.*, 39 R. I. 396.

Dr. Palmer, an expert witness for the defendant, on cross-examination testified as follows: Q. "You are quite frequently called in to testify for defendants in matters of this kind, are you not?" A. "I come into court possibly a dozen times a year, or half a dozen times." Q. You do a good deal of work outside of court?" A. "I examine many people who have been injured in accidents, Mr. Greenlaw." Q. "You do a great deal of work for insurance companies, do you not?". A. "For various parties from various sources, yes, sir." After the last answer was given, defendant's counsel moved that the case be taken from the jury and passed. To the denial of this motion defendant took an exception. This exception is without merit and is overruled.

If the question of counsel was intended or calculated to influence the jury by causing them to believe that defendant was protected from liability by insurance, it was the duty of the trial justice to take the case from the jury. *St. Jean* v. *Lippitt Woolen Co.*, 69 Atl. (R. I.) 604. The bias or prejudice of a witness is a proper subject of enquiry. Expert

witnesses sometimes unconsciously acquire a bias from their frequent appearance as a witness for plaintiffs or defendants. The limits of legitimate cross-examination are not positive and much must be left to the judgment and discretion of the trial justice. The witness was elusive and the reference in the question to insurance companies appears to have been made merely to show his possible bias from his employment, usually by defendants. The motion was addressed to the sound discretion of the trial justice and we find no abuse of such discretion. The verdicts are supported by the evidence.

The exceptions of defendant are overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict.

*Ralph M. Greenlaw*, for plaintiffs.

*Louis W. Dunn, Gardner, Moss & Haslam, W. Vincent Sumpter, Harry A. Tuell*, for defendant.